# The Susquehanna Mutual Fire Insurance Co. *versus* Gackenbach & Seislove.

1. In an action by a mutual insurance company against a policy holder to recover the amount of an assessment, if the company proves its claims, without showing so large an excess in the assessment as in itself satisfies the jury of fraud or gross mistake in making the assessment, it is entitled to recover unless the defendant adduces evidence of matter which defeats the action. The burden of showing fraud or misconduct or mistake is on the defendant when he relies upon that as a defence.

2. It is competent for members of a mutual fire insurance company to contract as to the rule to be followed in making the assessments for the payments of losses and expenses, and the company, through its directors, have no authority and will not be permitted to make assessments according to any other rule.

[Susquehanna Mut. Fire Ins. Co. v. Gackenbach.]

3. The filing of an affidavit by the defendant, as is provided by the 56th section of the Act of May 1st, 1876, P. L., 53, precludes the plaintiff from proving its claims on an assessment by the certificate of the officers of the company, it is in such case required to show liabilities which make an assessment necessary and that it was made according to the terms of the charter and by-laws as if the statutory provision relative to the certificate had not been enacted.

4. Where the ruling of the court on the trial of a case on a question of law is free from error, the court will not be reversed if the reasons assigned for such ruling should be erroneous.

February 18th, 1887. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Lehigh county:* Of July Term 1886, Nos. 182, 183, 184.

These were three cases tried together in the court below and argued together in the Supreme Court, brought by The Susquehanna Mutual Fire Insurance Company against Charles W. Gackenbach and George Seislove, partners, doing business as Gackenbach & Seislove, to recover the amount of four assessments levied upon a policy of insurance issued to the defendants by the plaintiff, to pay for certain losses sustained by the company during the time the said policies were on file.

The defendants, before the trial, by leave of court, filed an affidavit as permitted by the Act of May 1st, 1876, § 56, P. L., 53. The following are the facts as they appeared on the trial before ALBRIGHT, P. J.:

On March 17th, 1879, the defendants, Gackenbach & Seislove, made application for a policy of insurance in the Company plaintiff for $2,000 for five years on a stock of carriages and sleighs, finished and unfinished, and material contained in a frame carriage factory situate in the city of Allentown, the policy to be issued subject to the conditions contained in the application and the constitution and by-laws of the Company. The policy was issued March 19th, 1879. On October 4th, 1882, the policy was surrendered to the Company and cancelled.

By the terms and conditions of the application and policy and the constitution and by-laws of the Company the insured became liable to assessments for losses incurred by the Company during the period of time their policy was in force.

During this period the Company sustained a large amount of losses.

The directors made four assessments, respectively 9, 10, 11 and 12, on April 2d, 1883, December 10th, 1883, October 4th, 1884, and June 6th, 1885.

The by-laws of the Company provided, *inter alia;* that all members, whose policies are in force at the time the assess-

[Susquehanna Mut. Fire Ins. Co. *v.* Gackenbach.]

ment may be declared, shall be liable to assessment for all losses adjusted properly and unpaid, and all other liabilities then existing against the company shall be subject to abatement as hereinafter specified. All members whose policies have expired, and are not in force at the time such assessment is declared, shall, nevertheless, be liable to assessment for all unpaid losses and other liabilities which existed at the time of the expiration of such policy or policies, *pro rata* with those then in force, and the amount thus ascertained and levied upon such policies to be deducted from the gross amount of liabilities of the company, for which such assessment is to be made, and the balance of liabilities remaining to be assessed upon policies then in force.

It was admitted and not disputed that all of the assessments in suit were not laid as provided for in this by-law. Instead of assessing all the policies in force when the assessment was laid, the Company assessed only those that were in force when the loss occurred.

The plaintiff requested the court to charge *inter alia* as follows:

First.—The board of directors of a mutual insurance company in making assessments may exercise a reasonable discretion in fixing the amount to be raised, and an assessment so made is presumed not to be excessive until the contrary is shown.

Second.—The burden is upon the defendants in these cases to show that the assessments, for which these suits are brought, are so excessive as to be in themselves evidence of fraud or gross negligence.

Answer to 1st and 2d Points.—The company is required to prove its claim, that is, that there were losses and expenses, and that they levied upon the members liable for said losses and expenses. In fixing the amount to be raised by an assessment the directors may exercise a reasonable discretion; proper allowances may be made for expense of collection and for losses, because of the insolvency of some of those liable. If the allowances are reasonable in amount and consistent with good faith on the part of the directors, they will not vitiate the assessment. As affidavits by the defendant, under Act of 1876, have been filed there is no presumption that the assessments are valid and not excessive. The burden is not on defendants as stated in the 2d point.

The points are answered in the negative. (First and second assignments of error.)

In the general charge the court instructed the jury *inter alia* as follows:

An Act of Assembly, passed in 1876, provides that on a

certificate of a mutual insurance company; setting forth that an assessment was made and how much the share of each party assessed is, shall be received as evidence in court to prove the claim in the first instance, unless the party sued will make a certain affidavit alleging certain things. In that event the company must prove its claim as other claimants do.

In the cases you are trying the defendants made the affidavits provided for in the Act of 1876, and therefore the company must prove its claim, and we decide that the company must prove that there were losses for which the company was liable, and must then show that an assessment was made and that the defendants' share of the losses thus sought to be provided for in the assessment was their just share. (Sixth assignment of error.)

The main question in this case is, as to whether the corporation plaintiff has shown you that the assessments were valid; that they were made for losses that occurred while the defendants were insured, and were not made for more than was necessary, and as to each one of these four assessments you will make inquiry, and if the plaintiff has not proved that the assessments were necessary and reasonable, under the limitations which I will explain to you presently, you will say that they have failed as to that assessment, and your verdict must be in favor of the defendants. (Second assignment of error.)

Taking all and any one of these assessments, it is shown that there were such losses occurring during the time the defendants' policy was in force, and was it necessary to levy a margin for expenses of collecting and insolvency of some of those liable, and if so were these assessments for too large a sum? If it appears they were not then the plaintiff is entitled to recover. If any one of them is invalid, because of excessiveness, the plaintiff is not entitled to recover as to it. (Eighth assignment of error.)

Gentlemen, I believe these are all the instructions it is necessary for me to give you. The plaintiff must prove its case and must show that there were losses which had to be provided for, and that there were losses for which the defendants, along with others, were liable; that the assessments were justly made and fell ratably upon all who were liable to bear them, and that they were not excessive, making a reasonable allowance for a margin as has been explained; that the assessment was not for more than was necessary. If the plaintiff has proved that, as to one or all of these assessments, it is entitled to recover. (Ninth assignment of error.)

One of these cases, marked No. 153, January Term, 1885, is not supported by any evidence. The plaintiff does not claim in that case, and therefore in that case your verdict will be

recorded in favor of the defendants. (Tenth assignment of error.)

Verdict for the defendants on each case and judgment thereon, whereupon the plaintiff took these writs and filed *inter alia* the assignments of error shown above.

*John Rupp* (*Thomas B. Metzger* and *G. W. Van Fossen* with him), for plaintiff in error.—The plaintiff is a mutual insurance company, organized under the laws of this commonwealth. When the defendants made application for and obtained a policy of insurance in the company plaintiff, they became members of the company and liable, by the terms of their contract, to assessments for the payment of all losses and debts incurred by the company during the time their policy was in force, but not for any losses or liabilities incurred either before they obtained their policy or after its expiration or cancellation: People's Fire Insurance Company *v.* Hartshorne & Co., 9 Norris, 465; Akers *v.* Hite *et al.*, 13 Norris, 394; Wilson *v.* Trumbull Mutual Fire Insurance Company, 7 Harris, 372.

The board of directors are vested with the power to make assessments to pay the losses and expenses incurred by the company. In making these assessments they may exercise a reasonable discretion in fixing the amount to be raised, having in view the losses and the practical workings of the company, and they may make allowances for expenses, likely to be incurred in the collection of the assessments, and losses likely to be sustained in consequence of the insolvency of some of the members: Rossenberger, Light & Co. *v.* Washington Mutual Fire Insurance Company, 6 Norris, 207; Jones *v.* Sissor, 6 Gray, 288.

Assessments so made by the board of directors are presumed to be fairly and properly made, and they are binding upon all the members of the company, unless they can show fraud or gross mistake: Hummel & Co's Appeal, 28 Smith, 320; Buckley *v.* Columbia Insurance Company, 11 Norris, 501; Rossenberger, Light & Co. *v.* Washington Mutual Fire Insurance Company, 6 Norris, 207.

But it is contended, on behalf of the defendants, that section 56, of the Act of Assembly of May 1st, 1876; P. L. of 1876; Purdon's Digest, page 918, pl. 73, changes this rule of law; and that the filing of the affidavit, by the defendants, provided for therein, overthrows this presumption in favor of the regularity of the assessments. That section provides that "the certificate of any mutual fire insurance company now in existence, or hereafter incorporated, signed by the president and attested by the secretary of such company, with the seal affixed, setting forth that an assessment has been made upon the

premium note, or notes, of any member, and the amount due by such member, upon such note or notes, shall be *prima facie* evidence thereof in all the courts of this commonwealth. But in all cases now pending, or hereafter instituted, in any of the courts of this commonwealth, against any member of any such company, in which such member has or may hereafter, within the time prescribed by law, file an affidavit setting forth that he, she or they, has, or have, already paid his, her or their proportion of the loss for which the assessment was levied, or that the assessment is for more money than is necessary to pay the losses and necessary expenses of said company, or that his, her or their signature or signatures, was or were obtained by the practice of fraud or false, or fraudulent representations, such certificate shall cease to be evidence of anything whatever, and said company shall be compelled to prove its claims as other claimants do," etc.

The court erred in ruling that the affidavit destroyed the effect of the assessments as evidence. In this there was clearly error.

The tenth assignment of error should also be sustained. The court instructed the jury that the plaintiff did not claim to be able to recover in the first one of these cases, No. 153, January Term, 1885. That suit was brought to recover the amount due on assessment No. 9, the only one due when that suit was brought. Certainly we did claim to recover the amount due on that assessment in that suit. It needs no argument to show that the court erred in directing the jury to render a verdict for the defendants in that case.

*A. G. De Walt* and *Edward Harvey* (*D. D. Roper* and *M. C. Henninger* with them), for defendants in error.—An assessment can only be valid when laid under the conditions stated in the charter or by-laws : May on Ins., second ed., § 557.

In the case of Pacific Mutual Insurance Co. *v.* Buse, 49 Missouri R., 329, the question at issue is directly ruled in our favor by the Supreme Court of that state : American Insurance Co. *v.* Schmidt, 19 Iowa, 502 ; Atlantic Insurance Co. *v.* Fitzpatrick, 2 Gray, 279.

Bliss, in his text book on Life Insurance, second edition, section 428, states the principle as follows :

" In an action for an assessment, it must affirmatively appear not only that losses have occurred, but that the assessment has been legally made."

In Thomas *v.* Whalton, 31 Barbour's R., 172, it is said : " If the directors of the company, or the receiver, acting in their place in making the assessment acted judicially, the assessment itself perhaps would be evidence at least *prima facie* of its

[Susquehanna Mut. Fire Ins. Co. *v.* Gackenbach.]

necessity ; but they do not act judicially, and they have no arbitrary discretion in the matter, but they are controlled by the explicit provisions of the Statute, and must by proper averments and proof bring themselves within the terms of those provisions before they can enforce the collection of the premium note."

By examining the authorities, cited by the plaintiff in error, it will be noticed that they were decided on special provisions in the charter, or by-laws which do not exist in the charter, and by-laws of the corporation plaintiff.

Conceding, for the purposes of this argument, that there was error in answering the points of the plaintiff, it does not follow that the judgment must be reversed. This court has frequently held, that if, upon another trial, the verdict must, as matter of law, be the same, the judgment will not be reversed. No injustice having been done, and the plaintiff not being entitled to recover upon his own showing, it would be useless to subject the parties to the expense of further litigation.

Mr. Justice Trunkey delivered the opinion of the court March 21st, 1887.

When the charter of a mutual insurance company provides, that in an action for the recovery of the assessment, the certificate of the secretary of the company shall be *prima facie* evidence of the assessment and the amount due, the burden is on the defendant to show that the assessment is invalid for fraud or gross mistake : Buckley *v.* Ins. Co., 83 Pa., 288 ; 92 Id., 501.

In absence of such provision in the charter, or in the Statute relating to such companies, the company is bound to prove the facts establishing the claim. The burden was on the plaintiff to show liabilities which made an assessment necessary, and that it was made according to the terms of the charter and by-laws. A reasonable amount may be included in the assessment for expenses and for losses likely to occur by reason of insolvency of members of the company. If the plaintiff proves its claim without showing so large an excess in the assessment, as in itself satisfies the jury of fraud or gross mistake, it is entitled to recover, unless the defendant adduces evidence of matter which defeats the action. There is no presumption that the officers committed fraud or gross mistake ; the presumption is that they acted honestly and with reasonable skill. The burden of showing fraud or misconduct is on the defendant when he relies upon that as a defence : Rosenberger, Light & Co. *v.* Insurance Co., 87 Pa., 207.

The affidavit filed by the defendant precluded the use by the plaintiff of the certificate as evidence, and the plaintiff was

bound to prove its claim as if the statutory provision relative to the certificate had not been enacted. The learned judge of the Common Pleas charged that the assessment had been shown to be legal, and that the plaintiff " must prove that there were losses for which the company was liable, and must then show that an assessment was made, and that the defendants' share of the losses there sought to be provided for in the assessment, was their just share." In accord with that instruction were the plaintiff's first and second points, and they ought to have been affirmed. They are as follows:

" First. The board of directors of a mutual insurance company, in making assessments, may exercise a reasonable discretion in fixing the amount to be raised, and an assessment so made is presumed not to be excessive until the contrary is shown."

" Second. The burden is upon the defendant in these cases to show that the assessments, for which these suits are brought, are so excessive as to be in themselves evidence of fraud or gross negligence."

If it were the misfortune of the plaintiff in the attempt to establish its claim, to put in evidence a fact which would defeat recovery, that does not change the law of evidence. The defendant may avail himself of that fact, or evidence tending to show it, but whatever the evidence relied on to establish fraud, or other matter, affirmed to defeat the claim, the burden is on the defendant. The presumption that the officers whose duty it was to make the assessment, acted with due care and fidelity, stands until overcome by sufficient proof. The rule is the same when the defendant relies on the testimony on part of the plaintiff as when upon his own.

None of the remaining assignments of error, except the tenth, need be remarked, for there is no error in the instructions therein complained of, save that resulting from the refusal of the plaintiff's first and second points.

The tenth assignment is to the ruling of the court that the action, No. 153, was not supported by any evidence.

One of the by-laws provides, " That all members, whose policies are in force at the time the assessment may be declared, shall be liable to assessment for all losses adjusted properly and unpaid, and all other liabilities then existing against the company shall be subject to abatement as hereinafter specified. All members whose policies have expired, and are not in force at the time such assessment is declared, shall, nevertheless, be liable to assessment for all unpaid losses and other liabilities which existed at the time of the expiration of such policy or policies, *pro rata* with those then in force, and the amount thus ascertained and levied upon such policies to be deducted from

the gross amount of liabilities of the company, for which such assessment is to be made, and the balance of liabilities remaining to be assessed upon the policies then in force."

This by-law is part of the contract of insurance and plainly designates what members are liable to be assessed for losses at the time the assessment may be declared.   All are liable whose policies are in force, and all are liable whose policies have expired, for unpaid losses which existed at the time of the expiration.   It is competent for the members to so contract, and the directors have no right to make an assessment on another basis.   Decisions in cases where the contract contained no similar provision, do not apply.   Were this by-law not in the contract, the authorities cited by the plaintiff would sustain the contention that members are liable " to assessments for the payment of all losses and debts incurred by the company during the time their policy was in force, but not for any losses or liabilities incurred either before they obtained their policy or after its expiration or cancellation."

The plaintiff concedes that the policies in force at the time the assessment was declared, which were not in force at the time the losses and liabilities were incurred, were not included in the assessments.   Its secretary, called to prove the claim, testified that there were a large number of such policies, and that they were not included.   It follows that assessment " No. 9 " was invalid, and that the court rightly ruled that the plaintiff could not recover.

The ruling may have been based on other ground, yet being free of error, it must be affirmed.   In effect, the jury were instructed that the plaintiff had failed to adduce evidence to establish its claim.   That the court erred in refusing the plaintiff's first and second points, as propositions, did the plaintiff no injury, for the court could properly have ordered a nonsuit, or have directed a verdict for the defendant, without answering any proposition.

In two of the cases no assignment of error raises the question, whether the plaintiff's evidence was sufficient to submit to the jury.   The defendants urge that if it be conceded that the court erred in answering the plaintiff's points, it does not follow that the judgment should be reversed.   But no precedent is cited for going outside the assignments, which must be sustained, for a cause to ground a refusal of reversal.   Where an assignment reveals a fatal defect in the case of the plaintiff in error, he shows cause for affirmance of the judgment.

Judgment affirmed, "No. 153 January Term, 1885."

In each of the other causes, judgment reversed and *venire facias de novo* awarded.