## Capital City Mutual Fire Ins. Co., John A. Kramer, Receiver, Appellant, v. H. C. Boggs.

*Mutual insurance—Rights, equities and obligations of fellow members.*

The capital of a mutual insurance company is made up of the obligation of its members. Utmost good faith is essential. Membership entails not only equitable but legal obligations to the fellow members. Misunderstandings with the agent, or even his fraud, will not prevail so as to defeat the just rights and equities of fellow members.

*Appeals — Defective assignments — Rules of court—Practice, Superior Court.*

Assignments of error defective in noncompliance with Rule XVI. will not be considered.

*Appeals—Reversal of findings of fact.*

The appellate court will reverse where the finding of fact by the court below is clearly not supported by the evidence.

*Contract—Fraud—Expression of opinion.*

It is error to find a contract invalid because of fraud where alleged misrepresentations which are set up as the evidence of fraud amounted only to expression of opinions.

*Contract—Repudiation for fraud—Laches.*

Where it is alleged that a contract was induced by fraud it is the duty of the party alleging fraud promptly to repudiate the contract. Nonpayment of assessments arising under a mutual insurance policy does not constitute such repudiation.

Argued May 12, 1897. Appeal, No. 110, April T., 1897, by plaintiff, from judgment of C. P. Butler Co., Dec. T., 1896, No. 28, in favor of defendant on case heard before the court without a jury. Before Rice, P. J., Willard, Wickham, Beaver, Reeder and Orlady, JJ. Reversed.

Appeal from judgment of justice of the peace. Before Greer, P. J.

It appears from the record that this was an action to recover assessments due the insurance company to meet certain losses. The court below discharged the rule for judgment for want of a sufficient affidavit of defense, from which order plaintiff appealed to the Supreme Court by which court the appeal was dismissed.

The facts sufficiently appear in the report of the case as it came before the Supreme Court in 172 Pa. 91 and in the opinion of the Superior Court.

The case was heard a second time by the court below by agreement of counsel without a jury, and judgment entered in favor of defendant for costs. Plaintiff appealed.

*Errors assigned* were (1) "In overruling the plaintiff's exceptions. (2) In finding as a fact, or as a conclusion from the facts that the defendant was fraudulently induced to become a member of plaintiff company. (3) In holding that there was a verbal agreement and that the company violated its agreement by assessing defendant within a year. (4) In holding that the assessments sued for are for more money than is necessary to pay defendant's proportion of the losses from the date of his application to the time of the company's dissolution and expenses of the company. (5) In holding that the plaintiff in this suit is bound by the verbal contract, and that all assessments made by the plaintiff or the receiver within that year against defendant are null and void and not binding upon him. (6) In holding as a matter of law that the plaintiff in this suit is affected by the representations of the agent in procuring defendant's application other than those set out in the written agreement. (7) In holding as a matter of fact and conclusion of law therefrom that as no person took out a policy of insurance after October 26, 1891, no equities intervened in third parties which caused him to be held. (8) In holding that the assessments were greatly in excess of the losses, and made to cover losses prior to defendant's membership as well as after the dissolution of the company, and that they are fraudulent and void, whether made purposely or by culpable negligence, and as such, payment cannot be enforced in this suit. (9) In holding that the contractual limitation contained in the policy was available to the defendant as a defense in this suit. (10) In holding in this suit, and as an available defense herein, that proof of loss must be complied with and suit brought within six months on loss, and that no suit can be maintained by plaintiff company for the collection of assessments with which to pay losses, due proof of which have not been made, and suit for recovery of which has not been brought, within six months

from the date of the loss. (11) In holding that the rights of the defendant in this case rest upon his contract of insurance, and especially of his verbal contract. (12) In holding in his opinion that he had no means of discovering the fraud until he was notified of the assessment on October 26, 1891. (13) In holding in his opinion that October 26, 1891, was the earliest date that equities of third persons could intervene as against defendant's membership. (14) In holding that Boggs promptly refused to pay, and that a refusal to pay at that date would be an available defense. (15) In holding in his opinion in this suit that the company had no property, no money, and if it had debts (meaning it had no debts), and allowing said finding to be an available defense to defendant. (16) In holding in this suit that if there are no creditors (meaning there were none), there should be no assessments (meaning the assessments made should not have been made and were void). (17) In entering judgment for defendant. (18) In not entering judgment for plaintiff less last twenty-five per cent penalty, with cost of suit."

*Joseph B. Bredin,* with him *J. C. Durbin,* for appellant.—This case as reported in 172 Pa. 91 gives the defendant the right to defend upon defenses personal to himself.

A written contract for stock or membership in a corporation cannot be varied or contradicted by parol: McClure v. Railway Co., 90 Pa. 269; R. R. Co. v. Conway, 177 Pa. 364; Wait on Insolvent Corporations, sec. 606; Spelling on Corporations, sec. 800.

The policy was in plaintiff's possession for some time, and if it was procured by fraud he had the knowledge of the fraud and misrepresentations, and it was his duty to rescind promptly: Hilliard v. Wood Carving Co., 173 Pa. 1; Ins. Co. v. Oberholtzer, 172 Pa. 223.

If the conditions as to assessments had been made and set out fully in defendant's policy, they would not be available to him in this suit as a defense: Dettra v. Lock, 5 Dist. Rep. 200; Dettra v. Simon, 5 Dist. Rep. 342; Cushing v. Perot, 175 Pa. 66.

Mr. Justice MITCHELL in setting forth the personal defenses available to defendant refers to Akers v. Hite, 94 Pa. 394, Ins. Co. v. Humble, 100 Pa. 495, and Hoffman v. Whelan, 160 Pa. 94.

A member of a mutual insurance company, who has been induced to become a member by fraudulent representations of the officers of the company, cannot set up fraud by the receiver of the company as a defense to an action for assessments on his premium notes: Dettra v. Kestner, 147 Pa. 566; Howard v. Turner, 155 Pa. 349; Eichman v. Hersker, 170 Pa. 402.

And Judge ENDLICH, in promulgating this position and in support of it, in Dettra v. Kestner, supra, pages 573–5, cites as to membership in a mutual insurance company and the analogy between acquisition of membership and to subscription for stock in a stock company, Eilenberger v. Ins. Co., 89 Pa. 464, and as to whom the contract was made with, as to members and creditors, Graff v. R. R. Co., 31 Pa. 489, Minor v. Bank, 1 Pet. (U. S.) 46, Turner v. Ins. Co., 65 Pa. 649, Taylor on Private Corp., secs. 523, 744, and Oakes v. Turquand, L. R. 2 H. L. 325.

If a corporation is insolvent, a shareholder whose contract of subscription was obtained by fraud of the company's agent, cannot rescind his contract after insolvency or set up fraud as a defense: Upton v. Tribilcock, 91 U. S. 45; Upton v. Englehart, 3 Dill. 496; Webster v. Upton, 91 U. S. 65; Chubb v. Upton, 95 U. S. 665; Ogilvie v. Ins. Co., 22 How. (U. S.) 380.

*Lev. McQuistion,* with him *J. C. Vanderlin* and *McJunckin & Galbreath,* for appellee.—A mutual insurance company cannot cause false and fraudulent representations to be made by its agent, and enforce the contract thereby obtained, against the party who rescinds it, upon the discovery of the fraud: Ins. Co. v. Woodworth, 83 Pa. 223.

If an agent by false representations induces another to take out a policy of insurance, the insured may set up the misrepresentations as a defense to an action by the company: Ins. Co. v. Humble, 100 Pa. 495; Jones v. Building Association, 94 Pa. 215; Custar v. Gas and Water Company, 63 Pa. 381.

The assessments were excessive, and therefore illegal, void and fraudulent.

The evidence justified the court in finding that the assessments were unreasonable and void: Rasenberger v. Ins. Co., 87 Pa. 207; Ins. Co. v. Babbitt, 89 Mass. 235; Ins. Co. v. Gackenbach, 115 Pa. 492.

The evidence clearly established the fact that the assessments

made by the insurance company were for the payment of $8,000 of losses prior to the date of his policy. If so, he would not be liable, because the losses in a mutual fire insurance company should be paid by the policies in force at the time the losses occurred: Ins. Co. v. Hartshore, 90 Pa. 465; Akers v. Hite, 94 Pa. 394; Ins. Co. v. Stauffer, 125 Pa. 416.

To reverse the judgment of the court below would require this court to overrule the Supreme Court and ignore the act of 1876, which permits a defense to be made upon the grounds of false and fraudulent representations and that the assessments are for more money than is necessary to pay the losses and expenses of the company.

OPINION BY WILLARD, J., July 23, 1897:

There are eighteen assignments of error in this case, sixteen of which in no way conform to Rule XVI. of this court. A consideration of the seventeenth and eighteenth assignments, however, will enable us to dispose of the case. We have carefully considered the findings of fact and law and all the testimony, in order to here enter a proper judgment, but the testimony is so incomplete and unsatisfactory that this cannot be done, and the case must be remanded for further proceedings under the submission.

Judgment was entered for the defendant by the learned trial judge, his reasons therefor being, first, that the appellee never was a member of the company, because he was induced to enter into the contract by the false and fraudulent representations of the company through its agent, S. S. Woods; second, that no equities of other parties intervened after the date of his policy; third, that the assessment covers losses incurred by the company prior to the membership of the appellee; fourth, that there were no valid losses because they were adjusted by the company without allowing suits to be brought on each claim, or compelling suits to be brought by each member whose property was destroyed by fire, within six months after the date of the loss.

Upon the first question the judge in his third finding, designated under the head of findings of fact, finds as follows: " That the plaintiff company, through its agent S. S. Woods, induced the defendant to sign the application and accept the

policy by falsely and fraudulently representing to him at the time that the company was a first class company, in good financial standing, and that the assessments could not exceed ninety cents on the one hundred dollars for any one year, and that there would be no other assessment until the expiration of the year, and that he paid seven dollars and fifty cents as his proportion of any loss, or contemplated loss, that might occur during that year, and that no equities in other parties have intervened." This finding of fact was based solely upon the testimony of the appellee which is here inserted. " Q. State what recommendations he made to you at the time. A. He came to me at my place of business and asked me if I didn't want to take that insurance ; he had made representations in regard to the company being a good company, cheaper than other companies, and I asked about rates and he told me that the assessments would not exceed over fifteen dollars each year. I says to him, that looks very cheap ; he says the company is responsible and a good company. Q. Did he speak about it being good financially ? A. Good financially ! He said they were good substantial men, and considered the company was a good company financially. Q. What did he say about not making any assessment upon you for the first year ? A. My understanding was that with what I had paid on application would carry it for a year. Q. How much did you pay ? A. The amount paid was seven dollars and fifty cents. Q. Was it agreed and understood that that should be for the period of one year ? A. That year. Q. There should be no other ? A. Should not pay any assessments until next year. Q. What if anything did the agent say to you about the assessment not exceeding ninety cents on one hundred dollars for one year ? A. I have no recollection about the ninety cents. It was in regard to the fifteen dollars. He made two propositions. The former proposition I didn't think much of. I mind there were two propositions made, and I took the one at fifteen dollars a year."

After the conversation with the agent, the appellee signed the application and agreed as follows : " For value received and in consideration of a policy of insurance to be issued to me by the Capital City Mutual Fire Ins. Co. upon the approval of my application for insurance in said company of this date, I promise to pay the said company such sum or sums of money,

and at such time or times as the Board of Directors of said company may require and assess, and if any such assessment be not paid to the company at its office in Harrisburg or to a duly authorized agent, within thirty days after notice of the same, to pay twenty-five per cent thereon for expenses of collection to H. C. Boggs."

This application was forwarded to the company and the policy was issued under date of May 29, 1891. The policy recites the application which was printed in full on the back thereof and became part thereof by its terms. The policy also contained the following: " The assured by virtue of this policy becomes a member of the Capital City Mutual Fire Ins. Co. and is entitled to participate in its earnings as may be declared by the board of directors in accordance with the provisions of its by-laws.

" It is expressly understood and agreed that this policy is made and accepted subject to and in reference to all the terms and conditions contained therein and to the articles of incorporation and by-laws of this company, which are to be used and resorted to, to explain and ascertain the rights of the parties hereto in all cases not herein otherwise provided for."

The finding of fact is not supported by the testimony. The witness denied that anything was said about a ninety cent per one hundred dollar assessment. He did say that he considered the company financially good, but there is no evidence that it was not at that time good, nor is there evidence that he said the company was a first-class company. What he said about future assessments was but his opinion and the appellee could not have been misled thereby. He knew by the terms of the agreement he signed that he was liable to pay such assessments as the board of directors should make; that he was liable to a penalty of twenty-five per centum for nonpayment. Further than that he received and retained the policy with the application printed upon it, and if he found on examination that he had been defrauded it was his duty to promptly repudiate the transaction. This he never did, and we cannot agree with the learned trial judge that the nonpayment of assessments was a rescission of the contract. If obligations can be successfully repudiated and set aside by nonpayment on demand, an easy way of payment and discharge from liability is thereby afforded. ·

In Insurance Co. v. Woodworth, 83 Pa. 223, the agent stated to the applicant that the company was a purely mutual one, issued no stock policies, insured property only in Pennsylvania, and never insured large amounts in one locality or in large cities, all of which was false.

In Sunbury Fire Ins. Co. v. Humble, 100 Pa. 495, the general agent and officers of the company, through the local agent, by their express direction, represented to the applicant that the company had a paid up cash capital of $200,000, was solvent, and had never levied an assessment, which statements were false.

In Eichman v. Hersker, 170 Pa. 402, the agent represented to the applicant that there were five hundred and twenty-five policies in force in the company at the time of Hersker's application, when in fact there were but twenty-five. In the above cases facts were falsely stated amounting to actual fraud. In this case no fact stated by the agent to the appellee was sufficient to warrant the judge in finding that the contract was induced by fraud. The falsity of the agent's opinion does not constitute such fraud as to warrant the learned judge in his finding on this point. If there was any conflict or any fact stated in the testimony to support the finding of fraud as a legal conclusion from the facts we would not disturb the finding of the trial judge, but he who charges fraud must prove it, and we are satisfied that the allegation of fraud is not sustained by the evidence.

The capital of a mutual insurance company is made up of the obligations of its members agreeing to contribute in case of loss to a common fund to reimburse the member sustaining the loss. The utmost good faith among the members is absolutely necessary in order to successfully sustain this class of insurance. One man becomes a member and gives his obligation on the faith of the membership and obligations of others, and in case of loss he not only has an equitable but a legal claim upon his fellow members to which they are bound to respond, and the plea of misunderstandings with the agent, or even his fraud or the fraud of the company, will not prevail so as to defeat the just rights and equities of fellow members. To protect these rights the appellant, as an officer of the court, appointed for that purpose, instituted the action against the appellee.

The trial judge found as matter of fact that three hundred other persons became insured and took out policies of insurance in the company after the date of appellee's contract, and the further fact that after that time members of the company sustained losses amounting to over $5,000.

Have these parties no claim upon their fellow members? Can this appellee escape the obligation of his policy and membership because he did not see fit to pay his assessments? He retained his policy and membership without an attempt on his part to rescind. As we have before stated nonpayment of assessments is not rescission and the fact that he never paid an assessment does not help him. His status as a member was as fixed and certain as though he had paid any number of assessments. The rights of third parties have intervened since his membership and they are entitled through the appellant to call upon him to respond for his just proportion of the losses sustained during his membership: Dettra v. Kestner, 147 Pa. 566; Eichman v. Hersker, supra.

The opinion of Mr. Justice MITCHELL in Ins. Co. v. Boggs, 172 Pa. 91, is plain and explicit. It is there decided that the decree of the court of Dauphin county is conclusive upon the validity and the amount of the assessment, and that said decree cannot be attacked in a collateral proceeding. But it is not conclusive upon the appellee so as to prevent him from showing that he never was a member of the company because his application was induced by the fraud of the agent; that no equities of other parties have intervened requiring him to be held, and that the losses for the payment of which the assessment was levied, occurred before the defendant's policy was taken out. We have disposed of the first two defenses in their order. The by-laws of the company are not before us. In the absence of some stipulation to the contrary a member can only be held for losses accruing during his membership. The learned trial judge was right in so holding, but the amount of losses before and after the membership of the appellee are not specifically stated in the finding, and we have no correct basis on which to enter judgment. There is nothing in the findings of fact to affect the validity of the first assessment by the directors. Whether all the assessments covered losses accruing before the appellee's membership can readily be ascertained on the retrial of the case,

and the exact amount for which he is liable ascertained and fixed. In making the first two assessments, the insolvency of members, the cost and expense of collection and other necessary incidental expenses were properly taken into consideration. Against excessive assessments the defendant has a right to defend under the rule laid down in Ins. Co. v. Gackenbach, 115 Pa. 492, and Ins. Co. v. Dryfoos, 20 W. N. C. 33.

Another ground for the entry of the judgment is based upon the fact that the policy requires certain things to be done by a member sustaining a loss within a certain period before the loss becomes fixed as a liability, and there was no evidence of compliance with the stipulation on the part of members sustaining losses for the payment of which the assessments were levied; and for the further reason that these members had brought no actions against the company to recover losses within six months after they occurred. It has repeatedly been held that these provisions are for the protection of the company and may be waived. Indeed it is of common experience that losses by fire are adjusted and the amount of loss ascertained between the parties without resort to or insisting upon the clause of the policy referred to by the learned trial judge, and to hold that the assessments were illegal because levied to pay losses unless the losses were ascertained in a certain way designated for the convenience of one party which it may waive is inexplicable. The fact was clearly found that losses were sustained during appellee's membership amounting to over $5,000, and that is sufficient. Where the losses have been bona fide ascertained either by the officers of the company or the appellant acting for the company, the rule here invoked, which prevails in actions by members against the company, upon their policies, does not apply.

The judgment is reversed and procedendo awarded.