<hr style="width:20%" />

Rebecca M. Hastings, Appellant, and Hannah May Fer-
guson *v.* Sproul & Hastings.

*Vendor and vendee—Sheriff's interpleader—Fraud—Delivery of posses-
sion.*

Where the subject of a sale is capable of an actual delivery, it must ac-
company and follow the sale to render same valid against creditors of the
vendor.

*Province of court—Fraudulent sale—Sheriff's interpleader.*

Where there was no evidence of a delivery, actual or constructive, **no**

control of the property by the vendee, the possession of the property remaining exclusively in the vendor, the court, in a trial on a sheriff's interpleader, where the vendor's execution creditors were defendants and the vendee plaintiff and claimant, committed no error in withdrawing the case from the jury and directing a verdict for the defendants.

Argued Nov. 18, 1898.   Appeal, No. 62, Aug. T., 1898, by Rebecca M. Hastings, from judgment of C. P. Lancaster Co., Aug. T., 1898, No. 15, on verdict for plaintiff.   Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.   Opinion by W. D. PORTER, J.

Sheriff's interpleader.   Before BRUBAKER, J.

It appears from the record that defendants were execution creditors of N. B. Ferguson.   The plaintiff Rebecca M. Hastings claimed certain chattels levied upon, including certain growing wheat, under a bill of sale from defendants in the execution.   The question turned on whether there had been a delivery, actual or constructive, of the goods in question.   The circumstances connected with the bill of sale and the evidence of delivery are fully recited in the opinion of the court.

The trial judge directed a verdict for plaintiff for the value of the wheat in the ground amounting to $12.00 and directed a verdict for the defendant as to the balance of the chattels valued at $101.20.   Plaintiff appealed.

*Error assigned* among others was in withdrawing the case from the jury.

*James M. Walker*, for appellant.—The plaintiff being a member of the family of the defendant in the execution and having lived and had her home on his farm with him for eighteen years, the transfer of possession corresponded with the sale, the nature of the property sold and the relations of the parties, and was sufficient to pass title: Hill v. Mfg. Co., 3 Pa. Superior Ct. 398; Evans v. Scott, 89 Pa. 136; Weller v. Meeder, 2 Pa. Superior Ct. 496.

Plaintiff's points, as submitted in writing, were in the exact language of Judge BEAVER, in the recent case of Hill v. Manufacturing Co., 3 Pa. Superior Ct. 398, and they should have been affirmed as the law of this case, and the case left to the jury.

In Crawford v. Davis, 99 Pa. 576, where father and son lived on the same property, Judge FUTHEY, of Chester county, was reversed for not sending the case to the jury.

In Renninger v. Spatz, 128 Pa. 524, Judge PATTERSON of Lancaster county was reversed for the same reason, where both parties resided on the same premises.

We submit that ours is one of those " many instances," mentioned by Judge PAXSON, by Judges BEAVER and WILLARD, and numerous others, where there can only be a constructive delivery.

*George Nauman*, for appellees.—There was no change of possession, and no pretense of any.    The appellant never exercised any acts of ownership.    She neither had the goods assessed for taxation as hers, nor did she make any lease of them to Ferguson.    Both she and Ferguson agree that he had possession of the goods and retained it.

The plaintiff's points submitted to the court below were well enough in their way, if there had been any evidence on which to sustain them, but in this case there was absolutely no evidence of any act of ownership by the appellant or of any control of the goods, the title to which is in question, and there being no dispute about the facts the case was for the court: Weller v. Meeder, 2 Pa. Superior Ct. 496.

OPINION BY W. D. PORTER, J., March 23, 1899 :

The defendant held a judgment against N. B. Ferguson, upon which they caused execution to issue, and a levy was made, May 5, 1898, upon the stock and farming implements in the possession of the judgment debtor, on a farm of which he was lessee and where he lived with his family.    Rebecca M. Hastings, who was a sister of Ferguson's wife, claimed the chattels levied upon and an issue was framed to try the question of her title.    Upon the trial of the feigned issue the court gave binding instructions for the defendants, whereupon, the plaintiff took this appeal.

There are a number of assignments of error, but they all relate to the charge of the court, and are covered by the first, namely, that the court erred in withdrawing the case from the jury.    If in that the court was right, it is not necessary to ex-

amine in detail the answers of the court to the points presented by the parties. The plaintiff had for years lived with the family of Ferguson, assisting with the work, for which he paid her wages. She had loaned him money, and, on February 5, 1898, he executed and delivered to her a bill of sale, or, as the parties call it, a transfer of the chattels in question. The testimony as to what was done at the time of the alleged sale, and custody and control of the property subsequently involved no contradictions and there was no dispute whatever as to the facts. Ferguson had made an assignment for the benefit of creditors and among other things the property in question had been appraised and set aside to him under his reservation of the right of exemption. He was a farmer and then had possession of his farm which he leased from his assignee. The property involved in this controversy consisted of the stock upon the farm and the implements which he used in carrying on his farming operations. The bill of sale executed and delivered to Rebecca M. Hastings by Ferguson, on February 5, 1898, recites his title to the property and his indebtedness to her and then provides as follows, "Now, therefore, I do, by these presents, grant, bargain, sell, assign and set over, unto the said Rebecca M. Hastings, all the said property reserved, as aforesaid, and set apart to me this day by appraisers, and I hereby deliver possession of the same to Rebecca M. Hastings, in payment of said indebtedness." The property remained in the actual possession and control of Ferguson and was used by him in his operations, just as it had been before the alleged sale. Ferguson was the lessee of the farm, and it was operated by him for himself; in so doing, he used the stock and implements as if they were his own property. There is no evidence that Rebecca M. Hastings ever exercised or attempted to exercise any control over the property; nor of any act of either of the parties intended to transfer the possession as well as the title. Ferguson testifies, "I would say, I had entire control of it for farming purposes." Rebecca M. Hastings, in reply to the question, "He (Ferguson) has possession of it?" answered, "Yes, sir. I gave him permission to use it." In March, 1898, the plaintiff secured employment at Atlantic City, N. J., and went there and remained until after May 5, 1898, when the levy was made upon the goods. During all the time,

from prior to the execution of the bill of sale down until the making of the levy, the goods had been in the possession of Ferguson and were used by him in his work, which he carried on for his own profit. In all this was there any fact from which the jury would be permitted to find such a delivery, actual or constructive, as the law required to make the sale valid as against creditors? If there was not, then it was incumbent upon the court to give a binding instruction in favor of the defendant. Where the subject of the sale is capable of an actual delivery, it must accompany and follow the sale to render it valid against creditors of the vendor. Where the property is not reasonably susceptible of actual delivery a constructive delivery is sufficient, in which case it is necessary that the vendee should assume such control of it as to reasonably indicate to all concerned the fact of the change of ownership. When the vendee has assumed control, the question whether the sale is bona fide is usually one of fact. The question, in such case is, did the vendee do all that he might reasonably be expected to do in the case of a real and honest sale? This is to be determined in view of the relation of the parties, and the nature, use and situation of the property. The evidence which might be sufficient to require submission to the jury in the case of a sale of household furniture of the home common to both vendor and vendee, might be wholly insufficient where the character of the property and the relations of the parties were different: Evans v. Scott, 89 Pa. 136. There was in the present case no such suggestion that the possession of the vendor, after the sale, was in the character of agent or servant of the vendee, as to bring it within the operation of the exceptions to the general rule laid down in Clow v. Woods, 5 S. & R. 275, as explained in the later cases of which Billingsley v. White, 59 Pa. 464, McKibbin v. Martin, 64 Pa. 352, Renninger v. Spatz, 128 Pa. 524, and Goddard, Hill & Co. v. Weil & Co., 165 Pa. 419, are examples.

The continued possession of the vendor was not under a lease from his vendee, so that the appellant did not have even the standing of the vendee in the case of Weller v. Meeder, 2 Pa. Superior Ct. 488. In that case the vendor executed a bill of sale and the vendee immediately executed a lease of the prop-

erty to his vendor.   Possession continued in the vendor and this court held the transaction fraudulent as to creditors.

In this case there was no evidence of a delivery, actual or constructive, there was no control of the property by the vendee and the possession of the vendor remained exclusive.   The learned counsel for appellant argues that the vendee controlled the property, because she could have taken it from her vendor, whom she simply permitted to retain it.   If the contention were sound, no sale could be held fraudulent in law, for such sales hold good between the vendor and vendee.   The appellant simply had a power to assume control over the property, which she never exercised.   It follows that the learned judge of the court below committed no error in withdrawing the case from the consideration of the jury.

Judgment affirmed.