# Little, Appellant, *v.* Fearon.

*Appeals—Assignments of error—Answers to points—Charge—Failure to ask instructions.*

1. Assignments of error are fatally defective which are in the following form: "1. The learned court erred in giving binding instructions to find for the defendant. 2. The learned court erred in directing the jury as to the amount of the verdict. 3. The learned court erred in failing to leave to the determination of the jury the question of fact as to the title of the goods. 4. The learned court erred in failing to leave to the jury the determination of the value of the goods. 5. The learned court erred in failing to give binding instructions to the jury in favor of the plaintiff."

2. Assignments of error are defective which fail to set out the points and answers, or findings of the charge of the court totidem verbis.

3. Specifications of error are defective which challenge in general terms the charge of the court in not deciding given questions of law, without reciting the charge, or disclosing specific requests to so charge.

4. Error cannot be assigned of what was not said by the judge below without a request to so charge.

5. Assignments of error are an essential part of the pleadings, and as such they should be so complete in themselves as to show the judgment or decree of the court without reference to any other part of the record, which is remitted to the court below after the disposal of the appeal.

*Sale—Transfer of possession—Husband and wife—Interpleader.*

6. A bill of sale of household furniture by a husband to his wife executed the day after a verdict was rendered against the husband, but without any removal of the furniture from the dwelling house in which the husband and wife reside, or any other transfer of possession to the wife, will not give the wife title to the furniture as against an execution issued on the judgment entered on the verdict against the husband, although the wife credits the consideration known in the bill of sale on a note of her husband representing an indebtedness to her. The recording of such a bill of sale amounts to nothing.

7. In such a case where the wife becomes the claimant of the goods on a sheriff's interpleader, the trial court cannot be convicted of error in assuming the prices fixed in the bill of sale as sufficient evidence of the value of the goods, where there is no other evidence of such value.

Argued Dec. 7, 1911. Appeal, No. 19, Oct. T., 1911, by

plaintiff, from judgment of C. P. Delaware Co., March T., 1909, No. 333, for defendant in the interpleader in case of Mary Downing Little v. W. F. Fearon, trading as Wm. F. Fearon & Co. Before Rice, P. J., Henderson, Morrison, Orlady, Head, Beaver and Porter, JJ. Affirmed.

Sheriff's interpleader to determine title to household goods. Before Broomall, J.

The facts are stated in the opinion of the Superior Court.

Verdict for defendant for $3,175.85 on which judgment was entered for $1,045.13, all above that amount having been remitted. Plaintiff appealed.

*Errors assigned* were (1–5), quoted in full in the opinion of the Superior Court.

*Joseph Hill Brinton,* with him *Wm. Meharg Lilly,* for appellant.—The plaintiff did all that honesty and good faith required and indeed all within her power under the circumstances to acquire conclusive control save the actual turning out of doors of her husband or her removal from his domicile: Clow v. Woods, 5 S. & R. 275; McVicker v. May, 3 Pa. 224; Evans v. Scott, 89 Pa. 136; Crawford v. Davis, 99 Pa. 576; Skinner v. Kroh, 4 Penny. 204; McClure v. Forney, 107 Pa. 414; Renninger v. Spatz, 128 Pa. 524; McGuire v. James, 143 Pa. 521; Hill v. Leibig Mfg. Co., 3 Pa. Superior Ct. 398; Huffman v. McIlvaine, 13 Pa. Superior Ct. 108; Gamber v. Gamber, 18 Pa. 363; Stoy v. Dobson, 15 Pa. Superior Ct. 326; Weller v. Meeder, 2 Pa. Superior Ct. 488; Lehr v. Brodbeck, 192 Pa. 535; Keller v. Longenecker, 20 Pa. Dist. Rep. 249; Wickham v. Berwick Store Co., 47 Pa. Superior Ct. 176.

*Wm. I. Schaffer,* with him *Samuel M. Clement, Jr.,* for appellee.—That no title was acquired by the wife to the property set forth in the bill of sale under the facts dis-

closed in this case and that the question was one of law for the court will be seen by a review of the following cases: Kimelewski v. Com., 39 Pa. Superior Ct. 308; Lehr v. Brodbeck, 192 Pa. 535; Hastings v. Sproul, 10 Pa. Superior Ct. 82; Davies v. Oxenreider, 43 Pa. Superior Ct. 501; Barlow v. Fox, 203 Pa. 114; Lloyd v. Williams, 21 Pa. 327.

Opinion by Morrison, J., March 1, 1912:

On January 5, 1909, William F. Fearon, the defendant, recovered a verdict in an action brought by him against Henry Ashton Little, the husband of the plaintiff. The next day Little signed a bill of sale to his wife, the plaintiff, for certain personal property in their dwelling house and on the same day caused it to be recorded. The recording of the bill of sale amounts to nothing, because no act of assembly authorizes or requires such recording, and, therefore, the record does not give constructive notice to anybody. No actual change of the possession of the property took place, nor did the vendor withdraw from the possession thereof which he had previously had. The only consideration alleged to have passed from the wife to the husband for said personal property was that she credited him with the consideration named in the bill of sale on a note she held of his representing an alleged large indebtedness by him to her.

The defendant entered judgment on his verdict, issued execution and levied upon certain personal property as belonging to the husband. The wife interpleaded and claimed it all, including the articles specified in the bill of sale. The present issue was framed and at the trial the court charged the jury that the bill of sale was void as against Fearon and instructed the jury to return a verdict for the defendant for a specified sum, to wit, $3,175.85, being the alleged value of the goods transferred by the husband to the wife. Subsequently, it being conceded that the counsel and the court were in error as to this amount, a reduction was made from the verdict, by con-

sent of the parties to the suit, so that it was reduced to the sum of $975.85, and judgment being entered thereon, the plaintiff appealed.

We will here refer to the assignments of error and will later discuss the merits of the case. The assignments are as follows: "1. The learned court erred in giving binding instructions to find for the defendant. 2. The learned court erred in directing the jury as to the amount of the verdict. 3. The learned court erred in failing to leave to the determination of the jury the question of fact as to the title of the goods. 4. The learned court erred in failing to leave to the jury the determination of the value of the goods. 5. The learned court erred in failing to give binding instructions to the jury in favor of the plaintiff." Not one of these assignments complies with the rules of court and the decisions of the Supreme Court and of this court thereon. Numbers 1 and 2 complain of something alleged to have been said by the court to the jury in the general charge, but not a word or phrase is quoted from the charge ipsissimis verbis. Numbers 3, 4 and 5 complain of matters which the court did not say to the jury, but the plaintiff's counsel filed no points for instructions and made no request of the court to so charge, either in writing or orally, so far as we can find from this record. Our old rule No. 15 which is substantially the same as the Supreme Court's on the same subject, is as follows: "When the error assigned is to the charge of the court, or to answers to points or to findings of fact or law, the part of the charge or the points and answers or findings referred to must be quoted totidem verbis in the assignment." The Supreme Court's new rule upon this subject, No. 27 and our new rule, No. 15 are precisely alike and read as follows: "When the error assigned is to the charge of the court, or to answers to points, the part of the charge or the points and answers referred to must be quoted ipsissimis verbis in the specification, and the parts of the charge assigned as error shall be enclosed in brackets in the printed charge, with the number of the assignment noted."

An assignment of error is defective which fails to set out the points and answers or findings of the charge of the court totidem verbis: Kramer v. Boggs, 5 Pa. Superior Ct. 394; Lamb v. Leader, 6 Pa. Superior Ct. 50; May v. Troutman, 4 Pa. Superior Ct. 42; Ewing v. Cottman, 9 Pa. Superior Ct. 444; Dotterer v. Scott, 29 Pa. Superior Ct. 553, and Crawford & Moyes v. McKinney, 165 Pa. 605. An assignment of error will not be considered which does not quote the judge's answer to a point totidem verbis, although it contains the point: Hall v. Phillips, 164 Pa. 494. When part of the charge of a judge is assigned as error, the part must be quoted in its exact words: Walton v. Hinnau, 146 Pa. 396. Specifications of error are defective which challenge in general terms the charge of the court in not deciding given questions of law, without reciting the charge or disclosing specific requests to so charge: Fry v. Flick, 10 Pa. Superior Ct. 362. Error cannot be assigned of what was not said by the judge below without a request to so charge: Burkholder v. Stahl, 58 Pa. 371. An assignment is defective which assigns error as follows: "In refusing to charge the jury as requested:" Ladley v. Express Co., 3 Pa. Superior Ct. 149. Assignments of error are an essential part of the pleadings, and as such they should be so complete in themselves as to show the judgment or decree of the court without reference to any other part of the record, which is remitted to the court below after the disposal of the appeal: Kunkel's App.,192 Pa. 14, and Burkholder v. Stahl, 58 Pa. 371. The assignments of error, when filed, constitute the declarations of the appellant and specify the errors alleged to have been committed by the trial court. Errors not assigned in conformity with the rules of courts will be held to be no assignments at all: Kramer v. Boggs, 5 Pa. Superior Ct. 394; Grier v. Homestead Boro., 6 Pa. Superior Ct. 542; Thompson v. McConnell, 1 Grant, 396; Daniel v. Daniel, 23 Pa. 198; Bull's App., 24 Pa. 286, and see Dietrich v. Adams, 9 W. N. C. 492, and Saxton's Estate, 195 Pa. 459. An assignment of error as to what is not contained in the charge of the court

and to what has not been allowed as an exception will be disregarded: Harding v. Lloyd, 3 Pa. Superior Ct. 293; and Crawford v. Wittish & Graebing, 4 Pa. Superior Ct. 585. From the above authorities and many others that might be cited, we reach the conclusion that the assignments of error in the present case are so flatly in violation of the rules of court and of the decisions of the Supreme Court and of this court thereon, that we might refuse to consider them.

We do not find in the record any general exception to the charge of the court, nor do we find any request that the charge be copied and filed, nor do we find any certificate to the charge, testimony and record as required in order to bring the same before this court for review. In Stout v. Quinn, 9 Pa. Superior Ct. 179, the court, speaking through President Judge RICE, said: "They complain of certain instructions given to the jury on the trial of the case, but as no exception was taken to the charge, or request made to have it filed, before verdict rendered, and as the trial judge has declined to certify the transcript of the stenographer's notes, these assignments of error could not be considered even if the appeal from the judgment were regular: Curtis v. Winston, 186 Pa. 492." See also Kerns v. Insurance Co., 11 Pa. Superior Ct. 209.

To avoid the appearance of possible injustice to the appellant, we now propose to briefly examine the merits of this case, notwithstanding the condition of the record. The first and controlling question involved is the right of the court to give binding instructions that no title passed under the bill of sale from the husband to the wife as against the defendant creditor. We have briefly remarked that there was no pretense of a change of possession as to the articles of personal property enumerated in the bill of sale. The husband and wife continued to reside together and used the same precisely as they had done theretofore. We have in the books a long line of cases from Clow v. Woods, 5 S. & R. 275, down to Pressel v. Bice, 142 Pa. 263, characterizing such a transaction as a fraud in law as

against the creditors of the vendor, and as late as in Mc-Cullough v. Willey, 200 Pa. 168, our Supreme Court said: "If there has been neither delivery nor the assumption of control it may be the duty of the court to pronounce the sale void for legal fraud." This doctrine is again affirmed in White v. Gunn, 205 Pa. 229. In Kimelewski v. Com., 39 Pa. Superior Ct. 308, the court, speaking through President Judge RICE, said: "There has been no deviation from the general rule that delivery of possession is indispensable to transfer a title to chattels by the act of the owner that shall be valid as against creditors: Barlow v. Fox, 203 Pa. 114." In Hastings v. Sprouls & Hastings, 10 Pa. Superior Ct. 82, we held as stated in the syllabus: "Where the subject of a sale is capable of an actual delivery, it must accompany and follow the sale to render the same valid as against creditors of the vendor." In that case the sale was held a fraud in law, and it does not materially differ in its facts from the one now under consideration. In Lehr v. Brodbeck, 192 Pa. 535, the sale was held to be fraudulent in law because of no change of possession, and its facts were no stronger against the vendee than they are in the present case. We might go on and cite many other cases where a sale unaccompanied by change of possession was held to be fraudulent in law, but we deem it unnecessary to lengthen this opinion on that point, because we are well satisfied that the plaintiff took no title as to the property enumerated in the bill of sale because there was not the slightest change of possession or control of the property, nor did the vendor withdraw from the possession thereof.

The next question naturally arising is as to the right of the court to assume the prices fixed in the bill of sale as sufficient evidence of the value of the goods. There is no other evidence as to the value of the goods for which the court instructed the jury to find for the defendant. The bill of sale itemized the goods and the alleged value was set opposite to each article, and the plaintiff having accepted the goods at these values and having indorsed the total value thereof as a credit on a note which she held against

her husband, and not having seen fit to offer any testimony disputing the values thus set forth, we are without doubt that the learned court was fully warranted in assuming the values to be as set forth in the bill of sale.

There is another question discussed, and that is the right of the plaintiff to take this appeal after agreeing to withdraw her motion for a new trial, if the defendant consented to remit a portion of the verdict, which was done. Appellee's counsel contends that this was a waiver of the plaintiff's right to appeal. The view we have already expressed as to the fraudulent nature of the sale, renders it unnecessary to decide this question. There is yet another question growing out of the fact that the plaintiff, after judgment was entered on the verdict, paid a part of the judgment and then took this appeal. The real question here is, can a party pay a portion of a judgment recovered against him and then take an appeal and be relieved from the payment of the residue. It is not necessary to decide this question.

The assignments of error are all dismissed and the judgment is affirmed.