Goddard, Hill & Co. v. Leopold Weil & Co., Appellants.

165 419
200 172

165    419
205    1232

*Contract—Sale—Change of possession—Constructive delivery.*

Where personal property sold is not reasonably susceptible of actual delivery, a constructive delivery is sufficient, and it is not necessary that the vendee should do more than assume such control of it as to reasonably indicate the fact of the change of ownership.

Where the vendee has assumed control the question whether the sale is

bona fide is usually one of fact, and the question is whether the vendee has done all that could reasonably be expected in such a case.

Mere inadequacy in price is not sufficient ground for the inference that the sale was not absolute and unconditional. It is a matter proper for the consideration of the jury in connection with other facts in the case.

Argued Oct. 24, 1894. Appeal, No. 119, October Term, 1894, by defendants, from judgment of C. P. No. 3, Allegheny Co., May T., 1893, No. 1, on a verdict for the plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Feigned issue to determine ownership of contents of jewelry store. Before PORTER, J.

At the trial it appeared that, early in 1893, Edward J. Black, a retail jewelry dealer in the city of Allegheny, was indebted to Leopold Weil & Co. He was also indebted to Goddard, Hill & Co. in the sum of $2,810. On Jan. 23, 1893, Black executed and delivered to Goddard, Hill & Co., a bill of sale of the contents of his store, the consideration named in the bill of sale being $3,710. A subsequent inventory of the stock taken at cost showed the value of the stock to be about $5,200. On the day the bill of sale was executed, Black delivered the keys of the store to a member of the firm of Goddard, Hill & Co., and two employees of the firm went to the store, took charge and began the work of making the inventory. Black remained in the store. Plaintiffs claimed that he remained as an employee. A few days after the sale the signs bearing Black's name were removed. On Jan. 25, 1893, Leopold Weil & Co., recovered a judgment against Black and issued an execution under which the sheriff levied upon the stock of the store. Plaintiffs claimed the property and this issue was framed.

Defendants' points were among others as follows:

1. Request for binding instruction. Refused. [1]

" 3. If the jury find that the property covered by the bill of sale was worth $5,200 or thereabouts, and that the total indebtedness of Black to Goddard, Hill & Co. did not exceed $3,710, then they will be justified in inferring from this fact that the sale was not absolute and unconditional, and if they so conclude the alleged sale was fraudulent and void in law, and the verdict must be for the defendants." Refused. [2]

"5. That the retention of Black upon the premises, and in and about the business carried on therein, and the keeping up of the signs of said Black, were circumstances from which the jury may infer that the sale was not absolute and unconditional, and that said Black was not excluded from all interest in the property in question, and if the jury so conclude, then the alleged sale was fraudulent in law, and the verdict must be for the defendants. *Answer :* The point as here stated is refused. If the retention of Black upon the premises was simply as an employee, without indications of ownership or control of the property, then such retention would not be improper. The removal of the signs from the building and the time when they were removed are questions for the jury to consider, with all the other testimony in the case. The purchaser would be required to remove such evidences of ownership from the building, and would only have a reasonable time to do so. If you find that the signs were permitted to remain an unreasonable time, then you will consider that fact in connection with all the other evidence in the case. And if you find that Black was retained upon the premises and continued in possession of the goods as an owner, then your verdict must be for the defendants. If you find that Black continued in concurrent possession with the purchaser, your verdict must be in favor of the defendants. If you find that the possession of the purchaser was not exclusive of any ownership or control by Black, then your verdict must be for the defendants. But if you find simply that Black was retained on the premises as the agent, and with all the indications that he was so retained, then his retention would not be fraudulent." [3]

Verdict and judgment for plaintiffs. Defendants appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*J. S. Ferguson, E. G. Ferguson* with him, for appellants, cited : Miller v. Garman, 69 Pa. 134; Adams v. Hitner, 140 Pa. 166 ; Davis v. Charles, 8 Pa. 82; Watch Co. v. Bedillion, 131 Pa. 390.

*R. H. Jackson, Chas. P. Lang* with him, for appellees, cited : Garretson v. Hackenberg, 144 Pa. 167 ; Hugus v. Robinson, 24 Pa. 9 ; Janney v. Howard, 150 Pa. 339.

OPINION BY MR. JUSTICE FELL, Jan. 7, 1895:

Where personal property sold is not reasonably susceptible of actual delivery a constructive delivery is sufficient, and it is not necessary that the vendee should do more than assume such control of it as to reasonably indicate the fact of the change of ownership. If there has been neither delivery nor the assumption of control, it may be the duty of the court to pronounce the sale void for legal fraud; but when the vendee has assumed control, the question whether the sale is bona fide is usually one of fact, and the question is whether the vendee has done all that could reasonably be expected in such a case. This is to be determined in view of the relation of the parties, and the nature, use and situation of the property. This rule has been upheld in a long line of cases, among the later of which is Renninger v. Spatz, 128 Pa. 524.

A verdict could not have been directed against the plaintiff for want of delivery or for want of continued and exclusive possession. The testimony showed a symbolic delivery at the time of the sale and the assumption by the vendee of immediate and exclusive control of the property, followed by a change of all indication of the former ownership of the vendor. The contest of the validity of the sale on any ground raised questions of fact, and the case was necessarily one for the jury.

It would have been error to have affirmed the defendant's third point, the refusal of which is the subject of the second assignment of error. Mere inadequacy of price was not sufficient ground for the inference that the sale was not absolute and unconditional. It was a matter proper for the consideration of the jury in connection with the other facts of the case. Gross inadequacy of price standing alone as the only fact established might justify such an inference, but here the inadequacy was to be taken in connection with the other facts, and the conclusion was to be drawn from all of them.

We find no error in the rulings of the learned judge, and the judgment is affirmed.