D. Ramsay Patterson, Assignee for the Benefit of Creditors of the Keystone Standard Watch Co., Appellant, *v.* George M. Franklin, J. Fred. Sener, George Steinman, Henry S. Franklin and J. P. Stormfeltz, Administrator of the Estate of Clarence S. Stormfeltz, deceased.

*Corporations — Incorporation—Payment of ten per cent to treasurer — Assignment for the benefit of creditors.*

An assignee for the benefit of creditors of an insolvent incorporation has no standing to maintain an action against the incorporators because they falsely swore in the certificate filed for the charter that ten per cent of the capital had been actually paid to the treasurer. The corporation was a gainer and not a loser by the fraud. The state could complain. and upon a showing of the fraud cancel the letters patent, and individual creditors of the corporation who had been injured by the fraud could maintain actions to recover damages for their individual losses, but the fraud was in no sense an asset of the corporation.

Argued May 19, 1896. Appeal, No. 272, Jan. T., 1896, by plaintiff, from judgment of C. P. Lancaster Co., Sept. T., 1893, No. 19, on verdict for defendants. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Assumpsit to recover money alleged to be due on stock subscription. Before LIVINGSTON, P. J.

At the trial, the charter and accompanying affidavit of the Keystone Standard Watch Company having been offered in evidence, whereby it appeared that it had been asserted by those signing the application that the sum of $50,000, being ten per cent of the authorized capital, had been paid in cash to the treasurer of said company, and George M. Franklin having stated that he had signed the affidavit that the facts contained in the application were true, plaintiff's counsel put to the said George M. Franklin the following question :

Q. In that application it is stated, and you have made an affidavit to it, that $50,000 had been paid in cash to the treasurer of said corporation. Will you state when and how that $50,000 was paid in cash?

Objected to as irrelevant, and objection sustained. Bill sealed. [1]

Similar questions were propounded by plaintiff to the other incorporators, to all of which objections were made. The court sustained the objections, and sealed bills. [2, 3, 4, 5]

Plaintiff offered to show by witness, Abram Bitner, that at an examination of the accounts of the company, at which he and certain of the defendants were present, it appeared that the sum of $50,000 had not been paid in as alleged in the charter.

Objected to; objection sustained and bill sealed. [6]

Plaintiff offered to prove by D. R. Patterson that the Keystone Standard Watch Company was at the time of trial insolvent, that its indebtedness was more than $50,000, and that that fund would be necessary for the discharge of the liability of the assignor to its creditors.

Objected to; objection sustained and bill sealed. [7]

The court directed a verdict for defendants. [8]

Verdict and judgment for defendants. Plaintiff appealed.

*Errors assigned*, among others, were (1–7) rulings on evidence, quoting the bills of exceptions; (8) above instruction.

*Henry Budd*, with him *I. C. Arnold*, for appellant, cited: Act of April 29, 1874, P. L. 73; Pollock on Torts, 244 ; Vanleer v. Earle, 26 Pa. 277 · Erie City Iron Works v. Barber, 106 Pa. 141.

W. U. Hensel, with him J. Hay Brown and H. M. North, for appellees, cited: Act of April 29, 1874, P. L. 73 ; Lane's App., 105 Pa. 49 ; Bell's App., 115 Pa. 88.

OPINION BY MR. JUSTICE WILLIAMS, July 15, 1896 :

The defendants were the incorporators and holders of the stock of the Keystone Standard Watch Company. In their application for letters patent, they set forth among other things that the capital stock of the corporation was $500,000 divided into five thousand shares of the par value of $100 each; and " that fifty thousand dollars being ten per cent of the capital stock has been paid in cash to the treasurer of said corporation whose name and residence are William Z. Sener, Lancaster, Pa." The statement is the method prescribed by law for assuring the executive department of the state government that the requirements of the law have been complied with by the corporators and that they are entitled to be made a corporation. After letters patent have been issued, the statement with all its indorsements must be recorded in the proper county, for the information of the public, in order that the fact of incorporation may be known and the credit to which the corporation is entitled may be intelligently judged of by all persons who may have occasion to do business with it.

This statement, made and sworn to in the usual manner, is now alleged to have been false in so far as it asserted the payment of $50,000 to the treasurer of the corporation, and it is asserted that not one dollar in cash was so paid. It is certain that after a short business career, the corporation being unable to pay its debts made an assignment for the benefit of creditors. The plaintiff in this action is the assignee. The defendants are the corporators by whom the alleged false certificate was signed. The right to recover is rested on the alleged fraud committed by means of the false representation contained in the certificate. Now the assignee succeeds to all the rights of action which his assignor had at the time of the assignment, whether matured or not. He can sue, therefore, for unpaid subscriptions to the capital stock, and for any debt due by a stockholder, as well as for debts due the corporation from others. He recovers because the corporation could recover, and all such demands are assets of the corporation in his hands. It is important,

therefore, to inquire what cause of complaint the corporation has against the defendants, because of the alleged fraud? How did the corporation suffer because of it? If the certificate was a falsehood in the particular alleged, the executive department of the state government was cheated into issuing letters patent to persons not entitled to them. The state could complain; and upon a showing of the fraud cancel the letters patent. The business public could complain; and any person induced to credit the corporation because of the falsehood, and finding himself a loser, might proceed for the recovery of his individual loss in an appropriate form of action. But how can the corporation complain? The fraud was perpetrated for its benefit. It was a gainer, not a loser because of it. It was given a considerable credit by the statement to which, as it is alleged, it had no claim whatever. Let it be conceded that this statement was absolutely false, still no one could legally complain of it who was not injured by it. If A falsely represents to B that C is worth a certain sum of money and is therefore worthy of credit; B if misled, and a loser because of the fraud upon him, might justly complain; but C, who benefited by the fraud, could have no just complaint against A growing out of his false representation to B. So in the case before us. The lie, if lie there was in the certificate, was in the interest of the corporation. It gave it a credit, to which it was not entitled. It enabled it to contract debts which it could not pay. Those who suffered are the parties to complain, not those who benefited by means of the fraud. The corporation had no right of action against the defendants growing out of the false statement in the certificate, and the plaintiff, its assignee, has none. It is suggested that if the assignee cannot recover in the right of his assignor, he may do so in the right of creditors. But the creditors have no joint action against the defendants. If a right of action exists it is several to those injured, and extends no farther than the individual loss of the particular creditor who sues. The question of the defendants' liability to those who were led to trust the corporation because of the false certificate is not before us. What we say is that if they have a right of action, it is not an asset, the proceeds of which are for general distribution. The action is misconceived, and there can be no recovery in this case though the fraud was admitted on the record in the terms

in which it is charged.  The right to complain is in the individuals who suffer, and the right of action extends only to the individual loss of the particular person injured, if a right of action exists.  It is enough for the purposes of this case to say that the evidence offered, the rejection of which is complained of, was inadmissible for the reasons we have stated.  It did not show, or tend to show, a cause of action in the plaintiff.  The assignments of error are overruled and the judgment is affirmed.