# Assigned Estate of H. S. Bossart.   Appeal of Hood, Foulkrod & Company.

*Judgment—Impeachment for fraud—Inadequate consideration must be apparent and certain.*

While a grossly inadequate price is evidence of fraud, yet if the parties, though mistakenly, believe that the price is a fair one their act is not fraudulent. The court will not disturb a judgment on the ground of fraud when it is impossible to say with certainty that the parties were mistaken as to the value of the thing for which the judgment was given.

Argued April 19, 1899. Appeal, No. 83, April T., 1899, by Hood, Foulkrod & Co., general creditors, from judgment of C. P. Westmoreland Co., Feb. T., 1897, No. 256, dismissing exceptions to auditor's report and directing distribution accordingly. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by W. W. PORTER, J.

Exceptions to auditor's report.   Before McCONNELL, J.

It appears from the testimony taken before the auditor that a judgment note was given by one Bossart to Keepers in the purchase of an interest in a medicinal preparation and that within four days thereafter the note was entered up and execution issued. Immediately thereafter Bossart made an assignment for the benefit of creditors. Attachment proceedings were instituted under the act of 1869, attacking Keepers's judgment which after reference to a commissioner and report filed were dissolved by the court. By order of the court the assignee was permitted to sell the personal property, the execution creditors reserving the right to come in on the fund as though in the sheriff's hands. The assignee's account being referred to an auditor, Keepers claimed and was awarded the fund on his judgment. Exceptions were filed and dismissed. Hood, Foulkrod & Company, general creditors, claiming for $400.25, appealed.

*Errors assigned* among others were (3) in dismissing the third exception to the auditor's report, which exception and order

100, (1899).] Assignment of Errors—Opinion of the Court.

thereon are as follows : " The auditor erred in awarding to the judgment of Dr. A. C. Keepers, the sum of $3,849.12. And now, April 30, 1898, the exceptions are dismissed and the report of the auditor is confirmed absolutely, and the assignee is directed to pay out accordingly, unless an appeal be taken within the time prescribed by law."

*Paul H. Gaither,* of *Gaither & Woods,* with him *Williams, Sloan & Griffith,* for appellants.—We submit a more glaring case of actual fraud could not well be perpetrated on innocent creditors.

If a conveyance by an insolvent be impeached on the ground of an intention to defraud his creditors, inadequacy of consideration is deemed to be a badge of fraud and may always be established for the purpose of proving the fraudulent intent. If the inadequacy of price is so great as to excite surprise, it would seem that it would operate as notice to the purchaser of the fraudulent character of the transfer : Hamet v. Dundass, 4 Pa. 178 ; Heath v. Page, 63 Pa. 108 ; Hirsh v. Wenger, 182 Pa. 246 ; Freeman v. Topkis, 40 Atl. Rep. 948.

We submit that this was a combination between Bossart and Keepers to defeat claims of honest creditors.

*John B. Head,* with him *James S. Moorhead,* for appellee.— The case of the appellants rests on the proposition of fact that the judgment of Keepers, the appellee, was without consideration, was given to hinder and delay creditors, and was therefore fraudulent and void. This issue was advanced in two separate proceedings in the court below. The testimony was considered by two different auditors. Both found the fact against the appellants and held the judgment to be valid. Their reports came before separate judges of the court, and in each case the reviewing judge found the fact with the appellee.

Surely, under all the decisions, when this court is asked to reverse a finding of fact so thoroughly adjudicated, the burden on the appellants is a heavy one.

OPINION BY WILLIAM W. PORTER, J., July 28, 1899 :

The ground upon which the appellants asked the auditor to set aside the judgment given by Bossart to Keepers was that it was given by the former shortly before an assignment for the

benefit of creditors and for a grossly inadequate consideration
and with intent to defraud creditors.

The question was raised primarily upon a rule to dissolve cer-
tain attachments issued by creditors of Bossart under the act
of 1869. Identically the same evidence was before the com-
missioner on that hearing as is now before us. The commis-
sioner found no ground for the attachments and they were dis-
solved by the court who reviewed the commissioner's finding.

A different creditor, on the same evidence, attacks the judg-
ment again on the distribution of the fund brought into court
on the account of the assignee for the benefit of creditors. The
auditor, following the finding theretofore made, again holds the
evidence insufficient to overturn the Keepers judgment on the
ground of fraud. Exceptions were filed in the court below.
In the opinion filed, the court say: " This inquiry was made
by the court in those attachment proceedings and resulted in a
dissolving of the attachments. The same evidence that was
taken on that inquiry was submitted to the auditor here to in-
duce him to conclude that the allegation of fraud is true not-
withstanding the former determination of the court. This he
declined to do, and accepted the evidence as establishing what
it had theretofore been determined that it did establish.

" Without resting the determination of the exceptions on the
former action of the court, but considering the whole matter de
novo in the testimony, we think the conclusion reached by the
auditor was correct.

" While a grossly inadequate price is evidence of fraud, yet if
the parties, though mistakenly, believe that the price is a fair
one their act is not fraudulent. But taking the facts as shown
in this case, you would be unable to say with certainty that they
were even mistaken as to the value of the thing for which the
judgment was given."

It will be seen that the question is almost wholly one of fact.
This question has been determined by a commissioner, by an
auditor and by two judges of the court of common pleas. We
are loath to disturb findings of fact by the court below in any
event. In the present case the subject has been considered with
unusual frequency and care. We have read every word of the
testimony. This has not led to any doubt of the correctness of
the conclusion reached by the court below.

Great inadequacy of price whether the transaction be purchase or sale is an element entitled to weight when the question for determination is one of fraud but who can determine with accuracy the value of an interest in a business having for its purpose the sale of a medicament whose merits or alleged merits have been widely advertised? This court is not prepared to hold the price paid for the interest in the business by Bossart to be so inadequate as to stamp the transaction with fraud.

The judgment of the court below is therefore affirmed.