# Northrop *v.* Finn Construction Company.

*Corporations—Failure to pay in ten per cent. of capital stock in cash—Ouster—Corporation de facto—Stock owned by one person— Payment for stock by building equipment—Transfer of possession —Receivership of business—Bankruptcy—Sales within four months —Sales in bulk—Act of March 28, 1905, P. L. 62—Auditor—Findings of fact—Conclusiveness.*

1. The entry of a judgment of ouster against a corporation for failure to pay into its treasury the ten per cent. in cash required by the statute does not affect its rights as a corporation de facto prior to such judgment. So far as related to third parties its business transactions are valid.

2. Horses, carts, hoisting machines and building equipment of a building contractor are neither merchandise nor fixtures within the meaning of the Act of March 28, 1905, P. L. 62, making voidable certain sales of merchandise and fixtures in bulk.

3. To render a transfer of property made within four months before the filing of a petition in bankruptcy voidable under the Federal statutes, the party making the transfer must be at the time insolvent.

4. To render a transfer of personal property valid as against creditors it must be accompanied by such change of possession as is consistent with the nature of the property and the situation of the parties. A change of location of the property is not essentially necessary. If the purchase was in good faith and for a valuable consideration followed by acts intended to transfer the possession as well as the title, and the vendee assumed such control of the property as to reasonably indicate a change of ownership, the delivery of possession cannot as a matter of law be held insufficient.

5. A purchase will not be declared fraudulent in law where the conduct of the party shows that there was an intention to transfer possession as well as the title and the vendee assumes such control of the propery as ought reasonably to indicate a change of ownership.

6. At the audit of the account of a receiver of a contracting business the trustee in bankruptcy of the individual who owned all of the capital stock in the business claimed ownership of the fund substituted for certain personal property. It appeared that the contractor organized a corporation with a capital stock of $100,000, conveyed to it building equipment appraised at $90,000 for that amount of its stock and gave his check to meet the statutory requirement of ten per cent. cash, but the amount of such check was never collected; that the corporation failed and a receiver was appointed two days after a petition in involuntary bankruptcy had been filed against the contractor, who was later adjudged a bankrupt; that after the transfer of the building equipment to the corporation the corporate name was placed on the buildings being erected and on the office door and on the housings of the horses; that those with whom the contractor had done business were notified of the change and existing contracts were transferred from him to the corporation, and new contracts were made in the corporate name, and a bank account and books were kept in its name. The fund in dispute was derived from the receiver's sale of the personal estate of the corporation, including the building equipment transferred to it by the contractor. The auditor awarded the fund in dispute to the receiver, and such award was confirmed by the lower court. *Held,* (1) the Act of March 28, 1905, P. L. 62, relating to sales of a stock of merchandise had no application; (2) there was no evidence that would justify a finding that the contractor was insolvent at the time of the transfer of the property in question to the corporation and such transfer was therefore valid under the Federal Bankruptcy Act, and (3) the question whether the change of possession of such property was all that could be reasonably expected, in view of the character and situation of ·the

property and the relation of the parties, was one of fact for the auditor and his finding, based upon evidence, would be sustained.

Hunter Construction Co. v. Lyons, 233 Pa. 561, distinguished.

7. The finding of an auditor approved by the lower court is as conclusive as the verdict of a jury.

Argued Oct. 16, 1917.   Appeal, No. 173, Oct. T., 1917, by Commonwealth Trust Company, Trustee in Bankruptcy of Patrick William Finn, from decree of C. P. Allegheny Co., Dec. T., 1909, No. 521, in equity, dismissing exceptions to auditor's report in case of A. H. Northrop v. P. W. Finn Construction Company.   Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Exceptions to report of auditor of receiver's account. Before CARNAHAN, J.

The facts appear by the opinion of the Supreme Court. ·

The lower court dismissed the exceptions and confirmed the report of the auditor.   Commonwealth Trust Company appealed.

*Error assigned,* among others, was in confirming the report of the auditor.

*George H. Rankin,* for appellant, cited: Hunter Construction Co. v. Lyons, 233 Pa. 561.

*John G. Buchanan,* with him *Gordon & Smith, Alexander Black* and *Charles F. Patterson,* for appellees.— The transfer of the building equipment to the corporation was not a sale in bulk within the meaning of the Act of March 28, 1905, P. L. 62: Wilson v. Edwards, 32 Pa. Superior Ct. 295; Ritter v. Wray, 45 Pa. Superior Ct. 440.

The findings of the auditor confirmed by the lower court are conclusive: Crawford v. Davis, 99 Pa. 576.

A change of location of the property was not essentially necessary: Renninger v. Spatz, 128 Pa. 524; Garret-

son v. Hackenberg, 144 Pa. 107; Goddard, Hill & Co. v. Weil & Co., 165 Pa. 419; White v. Gunn, 205 Pa. 229.

OPINION BY MR. JUSTICE WALLING, January 7, 1918:

In 1909, P. W. Finn, a resident of Blair County, was largely engaged in that county and in Pittsburgh as a building contractor. The business was conducted in his own name, except that some business was done by him at Altoona under the name of the Finn Engineering Company and some at Wilkinsburg under the name of the Wilkinsburg Stone Company. In the spring of that year he put forward the project of having his business incorporated, and, through his solicitor, prepared the necessary application, and, on June 22, 1909, a charter was granted to the P. W. Finn Construction Company, which was recorded in Blair County August 31, 1909. Its capital stock was $100,000, all but a nominal amount of which was held by Mr. Finn. His personal property, consisting largely of building equipment used in his various operations, was appraised at $90,000 and transferred to the new corporation for that amount of its stock. The statutory requirement of ten per cent. cash was ostensibly met by Mr. Finn's check for that amount handed to the treasurer, but never in fact collected. While the record showed the amount of stock held by the respective shareholders, certificates therefor were never issued. Shortly after the charter was granted, a meeting of the stockholders was held in Altoona, at which the charter was accepted and a board of directors and other officers elected, including Mr. Finn as president, also a secretary and treasurer. Later the corporation opened an office in Pittsburgh and took over, as far as practicable, all of Mr. Finn's pending building contracts. It also proceeded to do an active business by taking new contracts, etc. The venture proved a failure and on October 22, 1909, by proceedings in this case, a receiver was appointed for the P. W. Finn Construction Company. Meantime Mr. Finn's financial condi-

tion proved to be such that two days before the receiver was appointed a petition in involuntary bankruptcy had been filed against him in the United States District Court, where he was later adjudged a bankrupt and appellant appointed his trustee.

The receiver proceeded to make sale of the personal estate of the corporation, including certain building equipment, etc., located in Blair County and at Wilkinsburg, practically all of which had formerly belonged to Mr. Finn and to which appellant as his trustee laid claim. The court below declined to stay the sale but ordered that the proceeds derived therefrom take the place of the property and await distribution. Pursuant to this order, such proceeds, aggregating $9,470, less certain deductions, were so detained and constitute the fund here in controversy. The auditor appointed to make distribution awarded the fund to the receiver, which was confirmed by the court below. Thereupon the trustee of Mr. Finn's estate took this appeal.

In 1911, at the instance of the Commonwealth, a judgment of ouster was entered against said corporation for failure to pay into its treasury the ten per cent. in cash required by statute. Prior thereto, however, it was a corporation de facto whose rights could not be attacked collaterally. So far as related to third parties its business transactions were valid: See Patterson v. Franklin et al., 176 Pa. 612; Hooven Mercantile Company v. Evans Mining Co., 193 Pa. 28.

The Act of March 28, 1905, P. L. 62, making voidable certain sales of merchandise and fixtures in bulk, is not applicable to this case as the property Mr. Finn transferred to the corporation, consisting of horses, carts, hoisting machines, etc., such as constitute a builder's equipment, were neither merchandise nor fixtures within the meaning of the act: Wilson v. Edwards, 32 Pa. Superior Ct. 295, 302. Aside from that, no such proceedings were taken to set aside the sale as provided by that act.

To render a transfer of property made within four months before the filing of a petition in bankruptcy voidable under the Federal statutes, the party making the transfer must be at the time insolvent: Ruling Case Law, Vol. 3, page 273. There is no finding here that Mr. Finn was insolvent when he put his property in the corporation, nor that it was done with fraudulent intent. And the evidence as a whole is not such as to justify a finding to that effect; at least not sufficient to warrant a disturbance of the auditor's conclusions in that regard.

The real question is that of possession. To render a transfer of personal property valid as against creditors it must be accompanied by such change of possession as is consistent with the nature of the property and the situation of the parties. There is some conflict in the evidence, but it tends to show, inter alia, that Mr. Finn's equipment, including that in question, was openly appraised and turned over to the corporation; that the sign "P. W. Finn Construction Company" was placed on buildings being erected, also on the office door in Pittsburgh and on the housings of the horses; that those with whom Mr. Finn did business were notified of the change and contracts transferred from him to the corporation; that new contracts were made in its name, including the club house of the Pittsburgh Athletic Association; that the correspondence and other business was done in its name and on its letterheads; that the pay rolls were in the name of the corporation and that it kept a separate bank account on which checks were drawn; that books were kept in its name and equipment transferred to new work as occasion required. Of course the equipment remained on pending jobs until completed and Mr. Finn assisted in the management of the corporation of which he was president. There was also evidence tending to show that there was no visible change in the possession of the property or in the conduct of the business. In our opinion sufficient appeared to make it a question for the auditor and court below to determine. While much of

the testimony was weakened by the cross-examination it was still a question of fact, wherein the finding of the auditor approved by the court is as conclusive as the verdict of a jury.   It was a question of fact whether the change of possession was all that could be reasonably expected taking into view the character and situation of the property and the relation of the parties: Renninger v. Spatz, 128 Pa. 524.   In Garretson v. Hackenberg, 144 Pa. 107, the property of a lumber camp was sold and remained in the same place and the vendor was retained as foreman.   It was there held that the question of change of possession was for the jury; and Mr. Justice Sterrett in delivering the opinion of the court says, "The several kinds of property in actual use at different points, might have been collected together, and, after a formal delivery of the possession thereof to the plaintiffs by Burt, the latter might have withdrawn from the premises entirely, and a new manager might have been placed in charge; but, in view of the character and situation of the property, the use that was being made of it, etc., no such ceremony was necessary to a valid sale and delivery thereof, even as against other creditors of the vendor." Mr. Justice Mercur, speaking for this court in Crawford v. Davis, 99 Pa. 576, 579, says, "A change of location of the property is not essentially necessary.   If the purchase was in good faith, and for a valuable consideration, followed by acts intended to transfer the possession as well as the title, and the vendee assumed such control of the property as to reasonably indicate a change of ownership, the delivery of possession cannot, as matter of law, be held insufficient."   A purchase will not be declared fraudulent in law where the conduct of the parties shows that there was an intention to transfer the possession as well as the title and the vendee assumes such control of the property as ought reasonably to indicate a change of ownership: See opinion of present Chief Justice Brown in White v. Gunn, 205 Pa. 229, 232.   It is also there stated that the jury in such case should consider the evi-

dence offered by plaintiff as well as the cross-examination of his witnesses and that offered by defendant.    In the case of Hunter Construction Company v. Lyons, 233 Pa. 561, the vendee was a foreign corporation that never did nor was authorized to do business in this State, and Mr. Hunter, the vendor, continued in the possession and use of his construction equipment in the same manner after as before the transfer and even continued his name on the articles of property.    There the vendee never used the property or exercised control over it and no notice was given of the transfer, which was held fraudulent as to creditors.    That case is not parallel to this.

The assignments of error are overruled and the decree is affirmed.