## Rucker, Appellant, *v.* Spicer.

*Contract—Sale—Delivery of possession—Sheriff's interpleader —Fraud—Evidence—Case for the jury.*

1. To render a transfer of personal property valid as against creditors, it must be accompanied by such change of possession as is consistent with the nature of the property, and the situation of the parties.

2. On a sheriff's interpleader, where defendant claims under an execution against a corporation, and plaintiff claims that the goods levied upon were sold to him by the corporation by a bill of sale, a verdict for plaintiff should be sustained, where the evidence tends to show plaintiff had bought the goods in good faith, and had them removed to a building leased by the president of the corporation individually but which contained no articles of the corporation, that no one had access to this building except plaintiff and his agent, that his name was written on many of the goods, and that some of the goods were sold by the president of the corporation, the proceeds being accounted for to plaintiff, less a personal commission to the president himself.

Argued January 19, 1921. Appeal, No. 222, Jan. T., 1921, by plaintiff, from order of C. P. No. 3, Phila. Co., Sept. T., 1919, No. 5768, entering judgment for defendant n. o. v., in case of John Ruckert v. F. A. Spicer. Be-

fore MOSCHZISKER, C. J., WALLING, KEPHART, SADLER
and SCHAFFER, JJ. Reversed.

Sheriff's interpleader to determine ownership of certain automobile parts. Before FERGUSON, J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $3,250. The court subsequently entered judgment for defendant n. o. v. Plaintiff appealed.

*Error assigned* was above judgment, quoting record.

*B. D. Oliensis,* with him *Alfred E. Reynolds* and *Walter Thomas,* for appellant.—Actual transfer of possession is no longer necessary to effect a valid sale, and the courts will always consider the nature of the transaction, the relations of the parties, and the object of the sale, in determining the sufficiency of a constructive or symbolic delivery: Keystone Watch Case Co. v. Bank, 194 Pa. 535; Barr v. Reitz, 53 Pa. 256; McKibbin v. Martin, 64 Pa. 352; Crawford v. Davis, 99 Pa. 576; Renninger v. Spatz, 128 Pa. 524; Garretson v. Hackenberg, 144 Pa. 107; Goddard v. Weil, 165 Pa. 419; McCollough v. Willey, 200 Pa. 168; White v. Gunn, 205 Pa. 229; Riggs v. Blair, 213 Pa. 402.

*George J. Edwards, Jr.,* for appellee.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, February 21, 1921:

This case presents the determination of an issue on sheriff's interpleader; the jury found for plaintiff, but the court below entered judgment for defendant n. o. v., and the present appeal followed.

It is not the usual case of a contest between an outside creditor and one claiming as a prior purchaser from the debtor of the former; on the contrary, both of the parties to this controversy are stockholders, and were

officers, of the corporation, which plaintiff claims sold certain of its property to him and against which defendant holds a judgment. In other words, it is a contest between two individuals, holding internal relations to the corporation, each of whom seeks to gain a preference over the other, and it is a fair question where the equities lie; but with this we have naught to do—the only point we have to solve is whether, under the relevant rules of law, there is sufficient evidence on the record to sustain the verdict.

Of course, in reaching our determination, every inference of fact must be drawn for plaintiff and all doubts thereon resolved in his favor. When the evidence is thus looked at, the following stated facts might have been found by the jury; and, since they tend to sustain the verdict, we must assume they were so found:

Plaintiff purchased from the Lyndall Motor Truck Company certain automobile parts for $7,000; at this time defendant was a stockholder and officer of the truck company, and "knew all about [its] affairs" (as asserted by a witness for defendant, who was in a position to know); the corporation was then indebted to defendant, and afterwards confessed judgment in his favor; but, prior to this confession of judgment, the transactions we are about to mention took place; when plaintiff made his purchase from the truck company, the property bought by him was in the sales headquarters of the latter, No. 222 N. 22d street, Philadelphia, and another near-by building, used by that corporation, No. 230 N. 22d street; plaintiff told A. C. Lyndall (who was then president of the truck company, and appears to have had general charge of its business) to move the property to No. 232 N. 22d street, a building which Lyndall informed plaintiff was under lease to him (Lyndall) personally, and which did not contain anything belonging to the truck company; the articles purchased by plaintiff were removed to the last-stated premises, and his name was written on many of them in chalk; the key to

the building was put in charge of a nephew of plaintiff, who worked for the truck company, but who testified that, in the custody of the key, he represented his uncle, and that no one could get into the property without applying to him, as the agent of plaintiff; in pursuance of an agreement to that effect, some of the articles purchased by plaintiff were sold by Lyndall, from time to time,—the latter, on each occasion, taking a written order from the former before delivering the articles to the purchasers; when these sales were made, a sum representing a price previously agreed upon (when Rucker concluded his purchase) was handed to plaintiff, and all above that amount was retained by Lyndall; plaintiff testified that the amounts so retained were paid to Lyndall as a commission for making the sales.

In submitting the case, the trial judge said there was nothing fraudulent about plaintiff's purchase from the truck company, so far as "an actual intent to do wrong is concerned," but, at the same time, he charged that "the law construes certain facts to be fraud," even when no evil intent is present; and he left it to the jury to determine whether there had been a bona fide delivery of the property in question to plaintiff, also whether the latter had taken such possession thereof as the relation of the parties and the nature, use and situation of the property required, to indicate a change of ownership.

Since the jury determined the issues submitted to it in plaintiff's favor and the evidence justifies the findings of fact as above recited, we see no warrant for the final judgment entered by the trial court in this case.

The question whether the sale to plaintiff was in good faith, or colorable, was also submitted to the jury; and, although the court below expresses the opinion that "the transaction was only a loan, with personal property as surety," yet that tribunal, in deciding the case, accepted "the plaintiff's theory of a sale," but determined he had "failed to exercise that dominion over his property which the law requires."

It is not necessary to go into the evidence supporting the jury's finding that plaintiff did in fact purchase the articles in controversy; it is sufficient to say that there was a written bill of sale, which, notwithstanding the attack upon it, the jury found to be bona fide, and that an affidavit, by defendant's only witness, given to plaintiff at the time of the transaction, distinctly states that it was made to induce the latter "to purchase" the property in controversy.

Plaintiff testified that, when he acquired the articles purchased by him, it was with the understanding that Lyndall would, from time to time, as he could, make sales thereof on the former's account, and that in this way there was to be repaid to him, plaintiff, the amount he had expended, with six per cent interest; he was also given a certain amount of stock in the truck company, as a bonus—no doubt to induce his original purchase, although he says he was then told the stock had no value, which appears to have been the case. To facilitate the carrying out of the transaction between the parties (all details of which, it is fair to believe from the testimony, were known to defendant), it was necessary to keep the property close to Lyndall's office, which was also the headquarters of the truck company; but, according to the evidence,—which the jury plainly credited,—such possession was taken by plaintiff as the character and situation of the articles in litigation and the relation of the parties demanded.

Discussion of the relevant rules of law, from Clow v. Woods, 5 S. & R. 277, to the more liberal views taken by the later cases, can be found in the following authorities: Goddard v. Weil, 165 Pa. 419, 422; McCullough v. Willey, 200 Pa. 168, 172; Riggs v. Bair, 213 Pa. 402, 407; Northrop v. Finn Construction Company, 260 Pa. 15, 20-22.

The record shows no motion in the court below for a new trial, and the sole assignment of error complains of the judgment n. o. v.

The assignment is sustained, the judgment is reversed, and the record is returned to the court below with directions to enter judgment on the verdict.