## C. Trevor Dunham, Inc., v. Van Orsdale.

*Sales—Personal property—Transfer of title—Possession—Delivery—Rights of creditors.*

Such delivery of possession of personal property, as is consistent with its nature and the situation of the parties, is necessary in order to make a transfer of property valid against the creditors of the vendor.

Where the vendor continues to all appearances to occupy the same relation to the property as he did before the attempted transfer, so far as concerns his creditors, no title passes and they may, for the purpose of execution, treat the goods as still belonging to him.

Argued October 2, 1923. Appeal, No. 27, Oct. T., 1923, by C. Trevor Dunham, Inc., claimant, from judg-

ment of C. P. No. 4, Phila. Co., June T., 1921, No. 1489, on verdict for defendant on sheriff's interpleader in the case of Allen A. Van Orsdale v. Advanced Products Corporation, defendant, and C. Trevor Dunham, Inc., claimant.    Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.    Affirmed.

Sheriff's interpleader to determine title to property levied on.    Before AUDENRIED, P. J.

From the record it appeared that the sheriff seized in execution under a judgment obtained against the Advanced Products Corporation by Allen A. Van Orsdale certain machinery stored at 1208 North Carlisle Street, in the City of Philadelphia.    The property was thereupon claimed by a corporation known as C. Trevor Dunham, Incorporated.    A rule requiring the latter and the plaintiff in the execution to interplead was made absolute and an interpleader was ordered, the claimant to be the plaintiff in the issue and Van Orsdale defendant therein.

The statement filed by the claimant alleged that it was the owner of the machinery and that its title thereto was derived from the defendant in the execution, the Advanced Products Corporation, by virtue of a bill of sale executed and delivered by the latter.

The affidavit of defense denied that title to the machinery had passed to the claimant by the bill of sale, and averred that when taken in execution the machinery was still the property of the Advanced Products Corporation.

It was conceded by both sides that at the time of the execution of the bill of sale the machinery therein mentioned was not in use, but was stored at No. 1208 North Carlisle Street, on the second floor, which was then held by the Advanced Products Corporation under a lease.

Other facts appear by the opinion of the Superior Court.

The court directed a verdict in favor of the defendant for the value of the machinery, which the jury found to be $1,360, and judgment was entered thereon. Plaintiff appealed.

*Error assigned,* among others, was the refusal of plaintiff's motion for judgment non obstante veredicto.

*George McClellan Henry,* for appellant.

*C. W. Van Artsdalen,* for appellee.

PER CURIAM, October 25, 1923:

On a sheriff's interpleader between the judgment debtor's vendee of machinery and an execution creditor who had levied on it, the court directed a verdict for defendant-creditor, on the ground that the plaintiff-claimant produced no legal evidence of ownership. This appeal challenges that instruction. The following quotation from the opinion of the President Judge of the court below contains all that need be said in affirming. "The sole question......was whether a bill of sale for personal property of which possession is not delivered to the vendee is good as against a creditor of the vendor. ......Such delivery of possession as is consistent with the nature of the property and the situation of the parties is necessary in order to make a transfer of title to personal property valid against the creditors of the vendor. Where, as in this case, the vendor continues, to all appearances, to occupy the same relation to the property as he did before the attempted transfer, so far as concerns his creditors, no title passes, and they may, for purposes of execution, treat the goods as still belonging to him: Lehr v. Brodbeck, 192 Pa. 535; Barlow v. Fox, 203 Pa. 115; Northrop v. Finn Construction Co., 260 Pa. 15; Rucker v. Spicer, 269 Pa. 451; Bowersox v. Weigle et al., 77 Pa. Superior Ct. 367."

Judgment affirmed.