## Barnett, Appellant, *v.* Cain.

*Sales—Personal property—Possession—Delivery—Title as against creditors.*

A bill of sale, purporting to transfer personal property, is insufficient and void, as against creditors, where the vendee fails to take possession or assume any control whatsoever which would indicate a change in ownership.

What would be a sufficient delivery of possession and retention in one case might not be in another; and the law does not set up an unbending test of the sufficiency of delivery and retention of possession to be applied in all cases. In passing upon the sufficiency of possession taken by the purchaser in any particular case, there must be taken into consideration the character of the property, the use to be made of it, the nature and object of the transaction, and the position of the parties. The purchaser must, however, take such control of the property as the circumstances permit, which would indicate a change in the ownership.

Argued April 28, 1926. Appeal No. 129, April T., 1926, by plaintiff, from order of Allegheny County, October T., 1925, No. 380, in the case of Hyman Barnett v. M. B. Cain. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Petition for leave to appeal from the county court. Before FOSTER, J.

The facts are stated in the opinion of the Superior Court.

The Court dismissed the petition. Plaintiff appealed.

*Error assigned,* among others, was refusal to direct a verdict in favor of the plaintiff.

*F. J. Tyrrell,* and with him *Louis J. Groundine,* for appellant.

*Thomas L. Kane,* for appellee.

OPINION BY PORTER, P. J., July 8, 1926:

This is an appeal from the order of the Court of Common Pleas of Allegheny County refusing to allow an appeal from the County Court. M. B. Cain having obtained a judgment against Joseph Barnett in the County Court, caused an execution to issue and the sheriff levied upon certain personal property in the possession of the defendant in the execution. Hyman Barnett, the appellant, claimed the property, and an interpleader proceeding resulted in the framing of an issue to try the title, in which Hyman Barnett was plaintiff and Cain, the execution creditor, the defendant. The trial in the County Court resulted in a verdict and judgment in favor of the defendant. The plaintiff presented a petition to the Court of Common Pleas, upon which the court granted a rule on the de-

fendant to show cause why an appeal should not be allowed, which rule, after a hearing, the court discharged, and the plaintiff appeals.

The first assignment of error embraced more than one point and refers to six bills of exceptions, in violation of Rule 22 of this court, and will be disregarded. The second assignment refers to the refusal of the Court of Common Pleas to allow an appeal. The goods in question had originally been the property of Alfred G. Gleason, who was duly adjudged a bankrupt and the property was sold by the receiver in bankruptcy to Joseph Barnett to whom a bill of sale was delivered by the receiver, and Joseph Barnett took possession of the property. He executed and delivered to Hyman Barnett, the claimant and plaintiff in this case, a bill of sale for the goods, but the property was never delivered to Hyman Barnett and he never took control of the same, permitting Joseph Barnett to remain in exclusive possession of the property until levied upon under the execution. Since the decision of the Supreme Court in Clow v. Woods, 5 S. & R. 275, there has been no deviation from the general rule that delivery of possession is indispensable to transfer a title by the act of the owner that shall be valid against creditors: Barlow v. Fox, 203 Pa. 114. What, however, would be a sufficient delivery of possession and retention of it in one case might not be in another; and the law does not set up an unbending test of the sufficiency of delivery and retention of possession to be applied in all cases, but, in passing upon the sufficiency of possession taken by the purchaser in any particular case, there must be taken into consideration the character of the property, the use to be made of it, the nature and object of the transaction, and the position of the parties. The purchaser must, however, take such control of the property as the circumstances permit, which would indicate a change of the ownership. There was in the present case no evidence from which a jury should have

been permitted to infer that there had been such an actual and exclusive change of possession, accompanying and following the sale, as the nature of the property and the uses to which it was to be devoted and the relations of the parties reasonably permitted. There was, therefore, no question to be left to the jury. The judge of the County Court would have been warranted at the trial in giving binding instructions in favor of the defendant: Root v. Republic Acceptance Corp., 279 Pa. 55; Kendig v. Binkley, 10 Pa. Superior Ct. 463; Bowersox v. Weigle & Myers, 77 Pa. Superior Ct. 367; C. Trevor Dunham Inc. v. Van Orsdale, 82 Pa. Superior Ct. 72. The effect of the bill of sale given by Joseph Barnett to Hyman Barnett would, as between the parties to the transaction, have been sufficient to vest the title in the purchaser, but the failure of the purchaser to take possession or to assume any control whatever of the property rendered the transaction void as against the creditors of Joseph Barnett. The Court of Common Pleas did not err in refusing to allow an appeal from the judgment of the County Court.

The judgment is affirmed.