## Emerick v. Braucht.

N. B. *Spangler* and *Iwan Walker*, for plaintiff.

*Ellis L. Orvis* and *W. D. Zerby*, for defendant.

FLEMING, P. J., Aug. 15, 1928.—This matter arises from the trial of a feigned issue between the parties. The plaintiff, George H. Emerick, was the owner of a farm at Potters Mills, this county, and on or about April 1, 1921, leased the farm to Roland Zettle. At the same time and subsequently, the plaintiff became surety for the said Zettle, both on notes and in other ways, in a desire to help Zettle secure equipment for farming. . The said Zettle was also indebted to the defendant, Dr. H. S. Braucht, by way of an unpaid note upon which the defendant was an endorser and which he was subsequently required to pay. It appears that in the fall of 1921, Zettle became embarrassed and made a bill of sale to the plaintiff covering practically everything

that Zettle possessed. Defendant issued execution upon judgment entered on the note of Zettle, and a levy was made upon the property in question. Plaintiff filed notice of ownership, and after the requirements of law had been fulfilled, this issue was framed and tried before the late Judge Quigley on Dec. 10, 1923. A verdict was rendered in favor of the plaintiff, and we have before us for disposition the defendant's motion for a new trial. We have omitted to say that, subsequent to the making and delivery of the bill of sale by Zettle to the plaintiff, Zettle remained on the farm for a considerable period of time, it being the contention of the plaintiff that he was there merely as a "laborer." Plaintiff further contended that the making of the bill of sale terminated the lease previously made, and that, after such date, he, the plaintiff, had been in entire control of the management and operation of his farm.

From defendant's brief and from the argument of defendant's counsel, only one question appears to have been seriously raised to support the motion for a new trial. It is contended that the testimony of the plaintiff and of Mr. Zettle indicates that there was a stipulation for a reservation from the sale of the property after payment of his debts and that debts were paid for which there were no provisions in the transfer. In Betz v. Rockey, 69 Pa. 71, the court found that it was the intent of the parties to reserve to the vendor part of the stock. The Supreme Court, speaking in this case, states what is admittedly the rule under such facts as follows: "But while an insolvent debtor may make an absolute sale of his property in payment of his debts, he cannot reserve any portion of the property or its proceeds for his own benefit and advantage; and if he stipulates for such reservation, it will render the whole transaction fraudulent and void." But we do not find from the bill of sale itself, and evidently the jury did not find from the testimony, that any such reservation was made in the instant case. The bill of sale provides at the conclusion thereof that "the said Emerick agreeing to give to me an itemized statement of the actual amount paid by him and when paid." It was explained, and evidently believed by the jury, that, at the time of the making of the bill of sale, it was necessary to approximate some of the items of indebtedness due by Zettle to the plaintiff and that such provision was inserted so that Zettle might know definitely what obligations had been canceled when such exact amounts were ascertained.

It is clear that a man may prefer one creditor over another if he sees fit to do so, and the mere fact of such preference will not invalidate the transaction in the absence of an *allegation* and *proof* of fraud: Schimmel et al. v. Cohen, 275 Pa. 118, 120, 121; Smith v. Keener, 270 Pa. 882; Snayberger v. Fahl, 195 Pa. 336; Shibler v. Hartley, 201 Pa. 286. Mr. Justice Mitchell, in Werner v. Zierfuss, 162 Pa. 360, cited by the defendant, says: ". . . it may be considered as the established result of our cases that if a creditor takes a judgment, or conveyance, or payment in any form, to secure an actual debt, the transaction will be valid against other creditors, although he knew (1) that the effect would be to postpone the others; (2) that the debtor intended it to have that effect; and (3) although he took it to aid that intent as well as to protect himself. The criterion is not the effect but the fraudulent intent. Without that, the transaction cannot be impeached." It is also held in the above-cited case, and affirmed in Shibler v. Hartley, 201 Pa. 286, that where there is an actual debt, the jury cannot be permitted to infer a fraudulent intent from the mere fact of payment or preference given to it. We fail to find anywhere in the record in the instant case a denial of the fact that Zettle was indebted to the plaintiff; in fact, there appears to be no valid dispute

and the plaintiff has clearly testified to this fact and has not been contradicted.

The adequacy of the price paid by the plaintiff has been questioned. In Assigned Estate of Bossart, 11 Pa. Superior Ct. 100, it has been held that while a grossly inadequate price is evidence of fraud, yet, if the parties, though mistakenly, believe that the price is a fair one, their act is not fraudulent. Again, in Goddard, Hill & Co. v. Leopold Weil & Co., 165 Pa. 419, 422, and in Adams v. Hitner, 140 Pa. 166, 171, we find that mere inadequacy of price is not sufficient ground for the inference that a sale was not absolute and unconditional. It is a matter proper for the consideration of the jury in connection with the other facts in the case. Gross inadequacy of price, standing alone as the only fact established, might justify such an inference, but the inadequacy must be taken from all facts and the conclusion be drawn from all of them. In the instant case, while a variance appears between the appraisement and the actual consideration, such variance is in an amount explainable by the lack of true standards available to the appraisers, and often occurs in cases of this kind. There is no convincing evidence of gross inadequacy here, nor has such been seriously pressed. The jury had such evidence as there is before them and it is presumed considered the same in connection with the other testimony.

The question of delivery of possession was for the jury in this case where the relation of the parties and the uses of the property were to be considered: Northrop v. Finn Construction Co., 260 Pa. 15; Garretson v. Hackenberg, 144 Pa. 107; White v. Gunn, 205 Pa. 232-3; McCullough v. Willey, 200 Pa. 172; Goddard, Hill & Co. v. Leopold Weil & Co., 165 Pa. 419; Rucker v. Spicer, 269 Pa. 451; Bowersox v. Weigle & Myers, 77 Pa. Superior Ct. 367; Little v. Fearon, 49 Pa. Superior Ct. 634; Reinninger v. Spatz, 128 Pa. 524.

In Werner v. Zeirfuss, supra, cited by the defendant, Mr. Justice Mitchell says: "It may be said as a general rule that to impeach the payment or securing of an actual debt there should be evidence tending to show either, first, some other advantage or benefit to the debtor beyond the discharge of his obligation, or, secondly, some other benefit to the creditor beyond mere payment of his old debt; or, lastly, some injury to the other creditors beyond mere postponement to the debt preferred." We find none of these happenings to exist in the case under consideration.

In conclusion, we would say that there is no evidence of a reservation or a secret trust for Zettle in this case. The plaintiff had a legal right to take the property of Zettle for an antecedent debt. The consideration, if not adequate, was not grossly inadequate. The question of fraud has been properly submitted to the jury and they have found that no fraud in fact existed. We feel, after a careful reading and study of the testimony, that the court would have been warranted in finding that no fraud in law existed. It is not necessary to take up each reason and discuss it separately. Taken as a whole, the reasons embody the questions which we have discussed. That the charge of the court was inadequate cannot avail here, for there is nothing on the record to show that the defendant requested the court for a more specific charge. The bona fides of the transaction between plaintiff and Zettle has been fully and fairly established. A retrial could avail the defendant nothing. He has been fully and fairly heard and the triers of fact have pronounced "no fraud." We are of the opinion from the record that no fraud in law has been shown.

And now, Aug. 15, 1928, motion for a new trial is dismissed.

From S. D. Gettig, Bellefonte, Pa.