## Gitt v. Hoke et al.

*A. J. Hershey*, for plaintiff; *Schmidt, Keesey, Stair & Kurtz*, for defendants.

NILES, P. J., June 17, 1929.—The issue presented is one of law.

It is admitted that prior to Dec. 8, 1927, H. E. Hoke was trading under the name of Centre Shaft Penholder Company, at Hanover, Pa., engaged in the manufacture and sale of penholders and can openers, owning machinery, materials, finished products in the form of penholders and can openers, goods, wares, merchandise and fixtures; accounts receivable for merchandise and products of his manufacturing plant, office furniture and equipment; also patents covering certain features of his products, all valued at $21,000. That on said Dec. 8, 1927, H. E. Hoke sold, assigned and delivered all of the abovementioned property to E. S. Wood in bulk and out of the ordinary course of business, who purchased the same for the Centre Shaft Penholder Company, then about to be incorporated.

Plaintiff claiming to be a creditor of H. E. Hoke, and alleging that defendants did not comply with the requirements of the Act of May 23, 1919, P. L.

262, and amendments, in that they failed to demand and receive from Hoke the written statement, etc., required by the act, prays that defendants be adjudged liable to the creditors of Hoke as receivers, pay into court the fair value of the property assigned, and that the court make distribution to the creditors in accordance with the provisions of said act of assembly.

On behalf of the defendants, it is urged that the Bulk Sales Act of 1919, being in derogation of the common law and in restraint of trade and the alienation of property, is to be strictly construed; and that so considered its provisions do not apply to such a sale as in this case by a manufacturer of all the tools, property and fixtures of his manufacturing business. Defendants' theory is that the provisions of the act should be confined to the bulk sale of a stock of merchandise and fixtures pertaining to the vendor's business of merchandising in the sense of buying and selling goods manufactured by others.

In considering similar phraseology of the Act of March 28, 1905, P. L. 62, the Superior Court, in Wilson v. Edwards, 32 Pa. Superior Ct. 295, concluded that the stock of goods, wares or merchandise, the sale of which in bulk out of the ordinary course of business was regulated, was commodities traded in by merchants and at the time of sale bearing the character of a stock of merchandise. This construction was incidentally approved by the Supreme Court in the case of Northrop v. Finn Construction Co., 260 Pa. 15, where, in the opinion of Mr. Justice Walling, it is said: "The Act of March 28, 1905, P. L. 62, making voidable certain sales of merchandise and fixtures in bulk, is not applicable to this case; as the property of Finn transferred to the corporation consisted of horses, carts, hoisting machinery, etc., such as constituted a builder's equipment, was neither merchandise nor fixtures within the meaning of the act." This construction has been followed by the nisi prius courts. In Northumberland County, in Hull v. Roughton, 27 Dist. R. 694, Judge Mosser considered the subject. That case was upon a bill for specific performance by the vendor of a garage, with the cars, goods and chattels therein, which the evidence showed were originally bought by the vendor for the purpose of being sold to his various customers. The vendee refused to pay the price because of the vendor's failure to furnish the list of creditors and comply with the other requirements of the Act of 1905, as he had agreed to do. The decision was based upon the admitted fact that the property sold in bulk was a stock of merchandise and not the product of a manufacturing plant. The bill was dismissed because under the peculiar circumstances of that case the court held the plaintiff not to be entitled to equitable relief. In Lackawanna County, in the case of Cressman's Sons v. Haas, 26 Dist. R. 812, Judge Newcomb ruled that the sale in bulk of the lease, trade, good-will, furniture, fixtures and supplies on hand of a restaurant was not within the scope of the statute because the business was not merchandising in any legitimate sense of the term, the act being distinctly aimed at the stock and equipment of a merchant, and to extend its meaning by the mere force of construction so as to include other property would be unwarranted. Judge Newcomb cites the previous decision in Butler County of Kemp v. Corbin, 22 Dist. R. 215, in which President Judge Galbraith ruled that the Bulk Sales Act applies only to goods bought by a merchant for the purpose of selling in the conduct of his business as a merchant, and not to the furniture of various kinds ordinarily used in the conduct of a hotel. In Fayette County, in Miller v. Lincoln, 25 Dist. R. 549, President Judge Van Swearingen ruled that the personal property used by a liveryman does not constitute a stock of merchandise and fixtures within the meaning of the Bulk Sales Act. In that case, the vendor did not have the articles on hand for sale; he had them for use. In the case of Mervine v.

80

Indian Queen Hotel Corp., 11 D. & C. 353, arising under the Bulk Sales Act of May 23, 1919, P. L. 262, Searle, P. J., of the 23rd judicial district, presiding in Monroe County, reviewed with careful consideration the Pennsylvania cases on the subject and came to the conclusion that the act does not apply to the bulk sale of the fixtures and furniture of a hotel. We are convinced of the soundness of his reasoning and conclusion.

In our case, the vendor did have articles for sale. But defendants insist that in order to bring a transaction within the Bulk Sales Act the property involved must be such as has been bought for the purpose of selling again in the ordinary course of the business of merchandising, and that it does not apply to a manufacturer who, although he does sell his product, has not bought it elsewhere for resale in substantially the condition when purchased by him.

In other jurisdictions similar acts have been construed as applicable only to such stock of merchandise and fixtures or equipment pertaining thereto as a merchant, not a manufacturer, has for sale in his business of merchandising.

The decisions in Pennsylvania are in harmony with the reasoning of those in other states and lead to the conclusion that the sale attacked by this bill is not such a transaction as comes within the requirements of the Bulk Sales Act of May 23, 1919, P. L. 262. Section 5 of that act defines the kind of sale contemplated to be of merchandise and fixtures otherwise than in the ordinary course of trade and in the regular and usual prosecution of the seller's business.

Our opinion being that the sale attacked is not within the contemplation of the act, the legal question raised by the pleadings and the stipulation is decided for defendants on the ground that said Act of 1919 does not apply to the transaction set forth in the bill as amplified and amended by the stipulation.

And now, to wit, June 27, 1929, in accordance with the foregoing opinion, the bill is dismissed and an exception noted for plaintiff.

From Richard E. Cochran, York, Pa.